Robert C. Kahrl
James L. Wamsley III
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:     (216) 586-3939
Facsimile:      (216) 579-0212

Tharan Gregory Lanier, State Bar No. 138784
JONES DAY
2882 Sand Hill Road, Suite 240
Menlo Park, California  94025
Telephone:     (650) 739-3939
Facsimile:      (650) 739-3900

Attorneys for Defendant and Counterclaimant
MOSAID Technologies Incorporated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INFINEON TECHNOLOGIES NORTH AMERICA CORP.,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MOSAID TECHNOLOGIES INCORPORATED,<br>　　　　Defendant,<br>_____<br>MOSAID TECHNOLOGIES INCORPORATED,<br>　　　　Counterclaimant,<br><br>　　　　v.<br><br>INFINEON TECHNOLOGIES NORTH AMERICA CORP.,<br><br>INFINEON TECHNOLOGIES AG,<br><br>INFINEON TECHNOLOGIES HOLDING NORTH AMERICA CORP., and<br><br>INFINEON TECHNOLOGIES RICHMOND LP,<br>　　　　Counterdefendants. | Civil Action No. 5:02-cv-05772 JF (RS)<br><br>**DEFENDANT MOSAID TECHNOLOGIES INCORPORATED'S ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

**ANSWER**

Defendant MOSAID Technologies Incorporated ("MOSAID") as and for its Answer to the Complaint of Plaintiff Infineon Technologies North America Corp. ("Infineon North America") states as follows:

1. MOSAID admits the allegations of Paragraph 1 of the Complaint.

2. MOSAID admits that it is a foreign corporation with its principal place of business at Kanata, Ontario, Canada. MOSAID admits that it does business within the judicial district of the Northern District of California, and except as so admitted, denies the remaining allegations of Paragraph 2 of the Complaint.

3. MOSAID admits that Infineon North America purports to bring claims pursuant to the Declaratory Judgments Act and the Patent Laws of the United States, and except as so admitted, denies the remaining allegations of Paragraph 3 of the Complaint.

4. MOSAID admits that the United States District Court for the Northern District of California generally has jurisdiction over declaratory judgment actions brought pursuant to the Declaratory Judgments Act and 28 U.S.C. §§ 1331 and 1338, and except as so admitted, denies the remaining allegations of Paragraph 4 of the Complaint.

5. MOSAID denies the allegations of Paragraph 5 of the Complaint.

6. MOSAID admits the allegations of Paragraph 6 of the Complaint.

7. MOSAID admits that U.S. Patent No. 5,214, 602 ("the '602 patent") is titled "Dynamic Memory Word Line Driver Scheme," that the U.S. filing date for the application resulting in the '602 patent is April 5, 1991, and that the '602 patent issued in the U.S. on May 25, 1993. MOSAID also admits that the inventor named on the face of the '602 patent is Valerie L. Lines, and that a copy of the '602 patent appears to be attached as Exhibit A to the Complaint. Except as so admitted, MOSAID denies the remaining allegations of Paragraph 7 of the Complaint.

8. MOSAID admits that U.S. Patent No. 5,822,253 ("the '253 patent") is titled "Dynamic Memory Word Line Driver Scheme," that the U.S. filing date for the application resulting in the '253 patent is August 16, 1995, and that the '253 patent issued in the U.S. on

October 13, 1998.  MOSAID also admits that the inventor named on the face of the '253 patent is Valerie L. Lines, and that a copy of the '253 patent appears to be attached as Exhibit B to the Complaint.  Except as so admitted, MOSAID denies the remaining allegations of Paragraph 8 of the Complaint.

9. MOSAID admits that U.S. Patent No. 5,751,643 ("the '643 patent") is titled "Dynamic Memory Word Line Driver," that the U.S. filing date for the application resulting in the '643 patent is March 6, 1996, and that the '643 patent issued in the U.S. on May 12, 1998.  MOSAID also admits that the inventor named on the face of the '643 patent is Valerie L. Lines, and that a copy of the '643 patent appears to be attached as Exhibit C to the Complaint.  Except as so admitted, MOSAID denies the remaining allegations of Paragraph 9 of the Complaint.

10. MOSAID admits that U.S. Patent No. 6,278,640 B1 ("the '640 patent") is titled "Dynamic Memory Word Line Driver Scheme," that the U.S. filing date for the application resulting in the '640 patent is April 13, 2000, and that the '640 patent issued in the U.S. on August 21, 2001.  MOSAID also admits that the inventor named on the face of the '640 patent is Valerie L. Lines, and that a copy of the '640 patent appears to be attached as Exhibit D to the Complaint.  Except as so admitted, MOSAID denies the remaining allegations of Paragraph 10 of the Complaint.

11. MOSAID admits U.S. Patent No. 5,828,620 ("the '620 patent") is titled "High Voltage Boosted Word Line Supply Charge Pump and Regulator for DRAM," that the U.S. filing date for the application resulting in the '620 patent is September 2, 1997, and that the '620 patent issued in the U.S. on October 27, 1998.  MOSAID also admits that the inventors named on the face of the '620 patent are Richard C. Foss, Peter B. Gillingham, Robert F. Harland and Valerie L. Lines, and that a copy of the '620 patent appears to be attached as Exhibit E to the Complaint.  Except as so admitted, MOSAID denies the remaining allegations of Paragraph 11 of the Complaint.

12. MOSAID admits that U.S. Patent No. 6,055,201 ("the '201 patent") is titled "High Voltage Boosted Word Line Supply Charge Pump and Regulator for DRAM," that the U.S. filing date for the application resulting in the '201 patent is October 26, 1998, and that the '201 patent

issued in the U.S. on April 25, 2000. MOSAID also admits that the inventors named on the face of the '201 patent are Richard C. Foss, Peter B. Gillingham, Robert F. Harland and Valerie L. Lines, and that a copy of the '201 patent appears to be attached as Exhibit F to the Complaint. Except as so admitted, MOSAID denies the remaining allegations of Paragraph 12 of the Complaint.

13. MOSAID admits that U.S. Patent No. 6,236,581 B1 ("the '581 patent") is titled "High Voltage Boosted Word Line Supply Charge Pump and Regulator For DRAM," that the U.S. filing date for the application resulting in the '581 patent is January 14, 2000, and that the '581 patent issued in the U.S. on May 22, 2001. MOSAID also admits that the inventors named on the face of the '581 patent are Richard C. Foss, Peter B. Gillingham, Robert F. Harland and Valerie L. Lines, and that a copy of the '581 patent appears to be attached as Exhibit G to the Complaint. Except as so admitted, MOSAID denies the remaining allegations of Paragraph 13 of the Complaint.

14. MOSAID admits the allegations of Paragraph 14 of the Complaint.

**Count I**
**(Declaratory Judgment Action for a Declaration of Noninfringement, Invalidity and Unenforceability of U.S. Patent No. 5,214,602)**

15. MOSAID responds to Paragraph 15 of the Complaint by incorporating by reference its responses to Paragraphs 1 through 14, above.

16. MOSAID admits that it has discussed licensing of the '602 patent with employees of Infineon Technologies AG, and except as so admitted, denies the remaining allegations of Paragraph 16 of the Complaint.

17. MOSAID admits that it has sued Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.P., for infringement of the '602 patent in U.S. District Court for the District of New Jersey. MOSAID admits that it has had contact with employees of Infineon Technologies AG with regard to the '602 patent, and that it has offered a license upon reasonable terms to Infineon Technologies AG, which offer has been refused. Except as so admitted, MOSAID denies the remaining allegations of Paragraph 17 of the Complaint.

1   18.   MOSAID denies the allegations of Paragraph 18 of the Complaint.

2   19.   MOSAID denies the allegations of Paragraph 19 of the Complaint.

3   20.   MOSAID denies the allegations of Paragraph 20 of the Complaint.

4   21.   MOSAID denies the allegations of Paragraph 21 of the Complaint.

5   22.   MOSAID denies the allegations of Paragraph 22 of the Complaint.

**Count II**
**(Declaratory Judgment Action for a Declaration of Noninfringement, Invalidity and Unenforceability of U.S. Patent No. 5,751,643)**

23.   MOSAID responds to Paragraph 23 of the Complaint by incorporating by reference its responses to Paragraphs 1 through 14, above.

24.   MOSAID admits that it has discussed licensing of the '643 patent with employees of Infineon Technologies AG, and except as so admitted, denies the remaining allegations of Paragraph 24 of the Complaint.

25.   MOSAID admits that it has sued Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.P., for infringement of the '643 patent in U.S. District Court for the District of New Jersey. MOSAID admits that it has had contact with employees of Infineon Technologies AG with regard to the '643 patent, and that it has offered a license upon reasonable terms to Infineon Technologies AG which offer has been refused.  Except as so admitted, MOSAID denies the remaining allegations of Paragraph 25 of the Complaint.

26.   MOSAID denies the allegations of Paragraph 28 of the Complaint.

27.   MOSAID denies the allegations of Paragraph 27 of the Complaint.

28.   MOSAID denies the allegations of Paragraph 28 of the Complaint.

29.   MOSAID denies the allegations of Paragraph 29 of the Complaint.

30.   MOSAID denies the allegations of Paragraph 30 of the Complaint.

**Count III**
**(Declaratory Judgment Action for a Declaration of Noninfringement, Invalidity and Unenforceability of U.S. Patent No. 5,822,253)**

31.   MOSAID responds to Paragraph 31 of the Complaint by incorporating by reference its responses to Paragraphs 1 through 14, above.

|   |   |
|---|---|
| 1 | 32.     MOSAID admits that it has discussed licensing of the '253 patent with employees |
| 2 | of Infineon Technologies AG, and except as so admitted, denies the remaining allegations of |
| 3 | Paragraph 32 of the Complaint. |
| 4 | 33.     MOSAID admits that it has sued Samsung Electronics Co., Ltd., Samsung |
| 5 | Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, |
| 6 | L.P., for infringement of the '253 patent in U.S. District Court for the District of New Jersey. |
| 7 | MOSAID admits that it has had contact with employees of Infineon Technologies AG with regard |
| 8 | to the '253 patent, and that it has offered a license upon reasonable terms to Infineon |
| 9 | Technologies AG which offer has been refused.  Except as so admitted, MOSAID denies the |
| 10 | remaining allegations of Paragraph 33 of the Complaint. |
| 11 | 34.     MOSAID denies the allegations of Paragraph 34 of the Complaint. |
| 12 | 35.     MOSAID denies the allegations of Paragraph 35 of the Complaint. |
| 13 | 36.     MOSAID denies the allegations of Paragraph 36 of the Complaint. |
| 14 | 37.     MOSAID denies the allegations of Paragraph 37 of the Complaint. |
| 15 | 38.     MOSAID denies the allegations of Paragraph 38 of the Complaint. |
| 16 | 39.     MOSAID denies the allegations of Paragraph 39 of the Complaint. |

**Count IV**
**(Declaratory Judgment Action for a Declaration of Noninfringement, Invalidity and Unenforceability of U.S. Patent No. 6,278,640 B1)**

|   |   |
|---|---|
| 19 | 40.     MOSAID responds to Paragraph 40 of the Complaint by incorporating by |
| 20 | reference its responses to Paragraphs 1 through 14, above. |
| 21 | 41.     MOSAID admits that it has discussed licensing of the '640 patent with employees |
| 22 | of Infineon Technologies AG, and except as so admitted, denies the remaining allegations of |
| 23 | Paragraph 41 of the Complaint. |
| 24 | 42.     MOSAID admits that it has sued Samsung Electronics Co., Ltd., Samsung |
| 25 | Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, |
| 26 | L.P., for infringement of the '640 patent in U.S. District Court for the District of New Jersey. |
| 27 | MOSAID admits that it has had contact with employees of Infineon Technologies AG with regard |
| 28 | to the '640 patent, and that it has offered a license upon reasonable terms to Infineon |

1  Technologies AG which offer has been refused.  Except as so admitted, MOSAID denies the
2  remaining allegations of Paragraph 42 of the Complaint.
3        43.    MOSAID denies the allegations of Paragraph 43 of the Complaint.
4        44.    MOSAID denies the allegations of Paragraph 44 of the Complaint.
5        45.    MOSAID denies the allegations of Paragraph 45 of the Complaint.
6        46.    MOSAID denies the allegations of Paragraph 46 of the Complaint.
7        47.    MOSAID denies the allegations of Paragraph 47 of the Complaint.

**Count V**
**(Declaratory Judgment Action for a Declaration of Noninfringement, Invalidity and Unenforceability of U.S. Patent No. 5,828,620)**

10        48.    MOSAID responds to Paragraph 48 of the Complaint by incorporating by
11  reference its responses to Paragraphs 1 through 14, above.
12        49.    MOSAID admits that it has discussed licensing of the '620 patent with employees
13  of Infineon Technologies AG, and except as so admitted, denies the remaining allegations of
14  Paragraph 49 of the Complaint.
15        50.    MOSAID admits that it has sued Samsung Electronics Co., Ltd., Samsung
16  Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor,
17  L.P., for infringement of the '620 patent in U.S. District Court for the District of New Jersey.
18  MOSAID admits that it has had contact with employees of Infineon Technologies AG with regard
19  to the '620 patent, and that it has offered a license upon reasonable terms to Infineon
20  Technologies AG which offer has been refused.  Except as so admitted, MOSAID denies the
21  remaining allegations of Paragraph 50 of the Complaint.
22        51.    MOSAID denies the allegations of Paragraph 51 of the Complaint.
23        52.    MOSAID denies the allegations of Paragraph 52 of the Complaint.
24        53.    MOSAID denies the allegations of Paragraph 53 of the Complaint.
25        54.    MOSAID denies the allegations of Paragraph 54 of the Complaint.
26        55.    MOSAID denies the allegations of Paragraph 55 of the Complaint.
27        56.    MOSAID denies the allegations of Paragraph 56 of the Complaint.

**Count VI**

**(Declaratory Judgment Action for a Declaration of Noninfringement, Invalidity and Unenforceability of U.S. Patent No. 6,055,201)**

57. MOSAID responds to Paragraph 57 of the Complaint by incorporating by reference its responses to Paragraphs 1 through 14, above.

58. MOSAID admits that it has discussed licensing of the '201 patent with employees of Infineon Technologies AG, and except as so admitted, denies the remaining allegations of Paragraph 58 of the Complaint.

59. MOSAID admits that it has sued Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.P., for infringement of the '201 patent in U.S. District Court for the District of New Jersey. MOSAID admits that it has had contact with employees of Infineon Technologies AG with regard to the '201 patent, and that it has offered a license upon reasonable terms to Infineon Technologies AG which offer has been refused. Except as so admitted, MOSAID denies the remaining allegations of Paragraph 59 of the Complaint.

60. MOSAID denies the allegations of Paragraph 60 of the Complaint.

61. MOSAID denies the allegations of Paragraph 61 of the Complaint.

62. MOSAID denies the allegations of Paragraph 62 of the Complaint.

63. MOSAID denies the allegations of Paragraph 63 of the Complaint.

64. MOSAID denies the allegations of Paragraph 64 of the Complaint.

65. MOSAID denies the allegations of Paragraph 65 of the Complaint.

**Count VII**
**(Declaratory Judgment Action for a Declaration of Noninfringement, Invalidity and Unenforceability of U.S. Patent No. 6,236,581 B1)**

66. MOSAID responds to Paragraph 66 of the Complaint by incorporating by reference its responses to Paragraphs 1 through 14, above.

67. MOSAID admits that it has discussed licensing of the '581 patent with employees of Infineon Technologies AG, and except as so admitted, denies the remaining allegations of Paragraph 67 of the Complaint.

68. MOSAID admits that it has sued Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.P., for infringement of the '581 patent in U.S. District Court for the District of New Jersey. MOSAID admits that it has had contact with employees of Infineon Technologies AG with regard to the '581 patent, and that it has offered a license upon reasonable terms to Infineon Technologies AG which offer has been refused. Except as so admitted, MOSAID denies the remaining allegations of Paragraph 68 of the Complaint.

69. MOSAID denies the allegations of Paragraph 69 of the Complaint.

70. MOSAID denies the allegations of Paragraph 70 of the Complaint.

71. MOSAID denies the allegations of Paragraph 71 of the Complaint.

72. MOSAID denies the allegations of Paragraph 72 of the Complaint.

73. MOSAID denies the allegations of Paragraph 73 of the Complaint.

74. MOSAID denies the allegations of Paragraph 74 of the Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

**Infineon North America's Prayer for Relief**

MOSAID denies that Infineon North America is entitled to any relief from this Court whatsoever.

**DEFENSES**

75. Infineon North America has violated Fed. R. Civ. P. 19(a) by failing to join Infineon Technologies AG, a necessary party over whom the Northern District of California has jurisdiction. Infineon North America should amend its complaint to add Infineon AG as a plaintiff.

76. Infineon North America has failed to state a claim upon which relief can be granted.

**COUNTERCLAIMS**

**PARTIES**

77. Counterclaimant MOSAID Technologies Incorporated ("MOSAID") is an Ontario corporation that maintains its principal place of business in Ottawa, Ontario, Canada.

78. Counterdefendant Infineon Technologies AG ("Infineon AG") is incorporated under the laws of the Federal Republic of Germany and maintains its principal place of business in Munich, Germany. Upon information and belief Infineon AG operates its North American headquarters within this district at 1730 North First Street, San Jose, CA 95112.

79. Counterdefendant Infineon Technologies North America Corp. ("Infineon North America") is a Delaware corporation that maintains its principal place of business within this district at 1730 North First Street, San Jose, CA 95112. Upon information and belief, Infineon North America is a wholly-owned subsidiary of Infineon AG.

80. Counterdefendant Infineon Technologies Holding North America Corp. ("Infineon Holding") is a Delaware corporation. Upon information and belief, Infineon Holding is a wholly-owned subsidiary of Infineon AG.

81. Counterdefendant Infineon Technologies Richmond LP ("Infineon Richmond") is a Delaware corporation that maintains its principal place of business in Sandston, Virginia. Upon information and belief, Infineon Richmond is a wholly-owned subsidiary of Infineon AG. Upon information and belief, Infineon North America is a general partner in Infineon Richmond.

82. Counterdefendants Infineon AG, Infineon North America, Infineon Holding, and Infineon Richmond will be collectively referred to hereafter as "Infineon" or "Counterdefendants."

83. Upon information and belief, Counterdefendants manufacture DRAM semiconductor memory devices at a fabrication facility located in Sandston, Virginia.

84. Upon information and belief, Infineon AG and Infineon North America purchase output from the fabrication facility in Sandston, Virginia, and sell, and offer it for sale throughout the United States, including within the Northern District of California.

85. Upon information and belief, Counterdefendants make, use, sell, offer for sale in, and import into, the Northern District of California and throughout the United States a wide variety of semiconductor memory devices including Dynamic Random Access Memory ("DRAM"). Counterdefendants also make, use, sell, offer for sale in, and import into, the

Northern District of California and throughout the United States various products containing such semiconductor memory devices.

86. Upon information and belief, at all material times herein mentioned each Counterdefendant was acting as the agent of each other Counterdefendant, except as otherwise noted, and was at all relevant times acting within the course and scope of such agency.

## JURISDICTION

87. This action arises under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under 35 U.S.C. § 271 et seq. and 28 U.S.C. § 1338.

88. Personal jurisdiction exists generally over each of the Counterdefendants because each has minimum contacts with this forum as a result of business regularly conducted within this district and specifically as a result of, at least, the Counterdefendants' sales and research facilities within this district wherein Counterdefendants place their products that infringe MOSAID's patents within the stream of commerce, which stream is directed at this district, and by committing acts of patent infringement within this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,214,602

89. MOSAID incorporates by reference the allegations of paragraphs 75-89.

90. MOSAID is the owner of United States Patent No. 5,214,602 ("the '602 patent"), which duly and legally issued for the invention of a dynamic memory word line driver. A copy of the '602 patent is attached as Exhibit 1.

91. Counterdefendants have infringed and are infringing the '602 patent by making, using, offering for sale, selling, and/or importing, without authority, products, including dynamic random access memories ("DRAMs") with dynamic memory word line drivers that embody the invention patented within the '602 patent, and on information and belief, by actively inducing and/or contributing to infringement of said patent by others (including but not limited to the other Counterdefendants). Counterdefendants will continue to infringe the '602 patent unless enjoined by this Court.

92.     Upon information and belief, the Counterdefendants have received notice of infringement of the '602 patent, but have nonetheless continued their infringing activities.

93.     Representatives of MOSAID and Infineon met to discuss whether Infineon's continued activities required a license for the '602 patent.  No such license agreement was entered into.  Infineon offered to pay for a license including the '602 patent.  Infineon did not offer any substantive basis for not requiring a license to the '602 patent.

94.     Upon information and belief, Counterdefendant Infineon North America's infringement of the '602 patent is willful.

95.     Upon information and belief, Counterdefendant Infineon AG's infringement of the '602 patent is willful.

96.     Upon information and belief, Counterdefendant Infineon Holding's infringement of the '602 patent is willful.

97.     Upon information and belief, Counterdefendant Infineon Richmond's infringement of the '602 patent is willful.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 5,751,643

98.     MOSAID incorporates by reference the allegations of paragraphs 75-97.

99.     MOSAID is the owner of United States Patent No. 5,751,643 ("the '643 patent"), which duly and legally issued for the invention of a dynamic memory word line driver.  A copy of the '643 patent is attached as Exhibit 2.

100.    Counterdefendants have infringed and are infringing the '643 patent by making, using, offering for sale, selling, and/or importing, without authority, products, including dynamic random access memories ("DRAMs") with dynamic memory word line drivers that embody the invention patented within the '643 patent, and on information and belief, by actively inducing and/or contributing to infringement of said patent by others (including but not limited to the other Counterdefendants). Counterdefendants will continue to infringe the '643 patent unless enjoined by this Court.

101. Upon information and belief, the Counterdefendants have received notice of infringement of the '643 patent, but have nonetheless continued their infringing activities.

102. Representatives of MOSAID and Infineon met to discuss whether Infineon's continued activities required a license for the '643 patent. No such license agreement was entered into. Infineon offered to pay for a license including the '643 patent. Infineon did not offer any substantive basis for not requiring a license to the '643 patent.

103. Upon information and belief, Counterdefendant Infineon North America's infringement of the '643 patent is willful.

104. Upon information and belief, Counterdefendant Infineon AG's infringement of the '643 patent is willful.

105. Upon information and belief, Counterdefendant Infineon Holding's infringement of the '643 patent is willful.

106. Upon information and belief, Counterdefendant Infineon Richmond's infringement of the '643 patent is willful.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 5,822,253

107. MOSAID incorporates by reference the allegations of paragraphs 75-106.

108. MOSAID is the owner of United States Patent No. 5,822,253 ("the '253 patent"), which duly and legally issued for the invention of a dynamic memory word line driver. A copy of the '253 patent is attached as Exhibit 3.

109. Counterdefendants have infringed and are infringing the '253 patent by making, using, offering for sale, selling, and/or importing, without authority, products, including dynamic random access memories ("DRAMs") with dynamic memory word line drivers that embody the invention patented within the '253 patent, and on information and belief, by actively inducing and/or contributing to infringement of said patent by others (including but not limited to the other Counterdefendants). Counterdefendants will continue to infringe the '253 patent unless enjoined by this Court.

110. Upon information and belief, the Counterdefendants have received notice of infringement of the '253 patent, but have nonetheless continued their infringing activities.

111. Representatives of MOSAID and Infineon met to discuss whether Infineon's continued activities required a license for the '253 patent. No such license agreement was entered into. Infineon offered to pay for a license including the '253 patent. Infineon did not offer any substantive basis for not requiring a license to the '253 patent.

112. Upon information and belief, Counterdefendant Infineon North America's infringement of the '253 patent is willful.

113. Upon information and belief, Counterdefendant Infineon AG's infringement of the '253 patent is willful.

114. Upon information and belief, Counterdefendant Infineon Holding's infringement of the '253 patent is willful.

115. Upon information and belief, Counterdefendant Infineon Richmond's infringement of the '253 patent is willful.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 6,278,640 B1

116. MOSAID incorporates by reference the allegations of paragraphs 75-115.

117. MOSAID is the owner of United States Patent No. 6,278,640 B1 ("the '640 patent"), which duly and legally issued for the invention of a dynamic memory word line driver. A copy of the '640 patent is attached as Exhibit 4.

118. Counterdefendants have infringed and are infringing the '640 patent by making, using, offering for sale, selling, and/or importing, without authority, products, including dynamic random access memories ("DRAMs") with dynamic memory word line drivers that embody the invention patented within the '640 patent, and on information and belief, by actively inducing and/or contributing to infringement of said patent by others (including but not limited to the other Counterdefendants). Counterdefendants will continue to infringe the '640 patent unless enjoined by this Court.

119. Upon information and belief, the Counterdefendants have received notice of infringement of the '640 patent, but have nonetheless continued their infringing activities.

120. Representatives of MOSAID and Infineon met to discuss whether Infineon's continued activities required a license for the '640 patent. No such license agreement was entered into. Infineon offered to pay for a license including the '640 patent. Infineon did not offer any substantive basis for not requiring a license to the '640 patent.

121. Upon information and belief, Counterdefendant Infineon North America's infringement of the '640 patent is willful.

122. Upon information and belief, Counterdefendant Infineon AG's infringement of the '640 patent is willful.

123. Upon information and belief, Counterdefendant Infineon Holding's infringement of the '640 patent is willful.

124. Upon information and belief, Counterdefendant Infineon Richmond's infringement of the '640 patent is willful.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 5,828,620**

125. MOSAID incorporates by reference the allegations of paragraphs 75-124.

126. MOSAID is the owner of United States Patent No. 5,828,620 ("the '620 patent"), which duly and legally issued for the invention of a high voltage boosted word line supply charge pump regulator for a DRAM. A copy of the '620 patent is attached as Exhibit 5.

127. Counterdefendants have infringed and are infringing the '620 patent by making, using, offering for sale, selling, and/or importing, without authority, products, including dynamic random access memories ("DRAMs") with a high voltage boosted word line supply charge pump regulator that embody the invention patented within the '620 patent, and on information and belief, by actively inducing and/or contributing to infringement of said patent by others (including but not limited to the other Counterdefendants). Counterdefendants will continue to infringe the '620 patent unless enjoined by this Court.

128. Upon information and belief, the Counterdefendants have received notice of infringement of the '620 patent, but have nonetheless continued their infringing activities.

129. Representatives of MOSAID and Infineon met to discuss whether Infineon's continued activities required a license for the '620 patent. No such license agreement was entered into. Infineon offered to pay for a license including the '620 patent. Infineon did not offer any substantive basis for not requiring a license to the '620 patent.

130. Upon information and belief, Counterdefendant Infineon North America's infringement of the '620 patent is willful.

131. Upon information and belief, Counterdefendant Infineon AG's infringement of the '620 patent is willful.

132. Upon information and belief, Counterdefendant Infineon Holding's infringement of the '620 patent is willful.

133. Upon information and belief, Counterdefendant Infineon Richmond's infringement of the '620 patent is willful.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 6,055,201

134. MOSAID incorporates by reference the allegations of paragraphs 75-133.

135. MOSAID is the owner of United States Patent No. 6,055,201 ("the '201 patent"), which duly and legally issued for the invention of a high voltage boosted word line supply charge pump regulator for a DRAM. A copy of the '201 patent is attached as Exhibit 6.

136. Counterdefendants have infringed and are infringing the '201 patent by making, using, offering for sale, selling, and/or importing, without authority, products, including dynamic random access memories ("DRAMs") with a high voltage boosted word line supply charge pump regulator that embody the invention patented within the '201 patent, and on information and belief, by actively inducing and/or contributing to infringement of said patent by others (including but not limited to the other Counterdefendants). Counterdefendants will continue to infringe the '201 patent unless enjoined by this Court.

137. Upon information and belief, the Counterdefendants have received notice of infringement of the '201 patent, but have nonetheless continued their infringing activities.

138. Representatives of MOSAID and Infineon met to discuss whether Infineon's continued activities required a license for the '201 patent. No such license agreement was entered into. Infineon offered to pay for a license including the '201 patent. Infineon did not offer any substantive basis for not requiring a license to the '201 patent.

139. Upon information and belief, Counterdefendant Infineon North America's infringement of the '201 patent is willful.

140. Upon information and belief, Counterdefendant Infineon AG's infringement of the '201 patent is willful.

141. Upon information and belief, Counterdefendant Infineon Holding's infringement of the '201 patent is willful.

142. Upon information and belief, Counterdefendant Infineon Richmond's infringement of the '201 patent is willful.

### COUNT VII
### INFRINGEMENT OF U.S. PATENT NO. 6,236,581 B1

143. MOSAID incorporates by reference the allegations of paragraphs 75-143.

144. MOSAID is the owner of United States Patent No. 6,236,581 B1 ("the '581 patent"), which duly and legally issued for the invention of a high voltage boosted word line supply charge pump regulator for a DRAM. A copy of the '581 patent is attached as Exhibit 7.

145. Counterdefendants have infringed and are infringing the '581 patent by making, using, offering for sale, selling, and/or importing, without authority, products, including dynamic random access memories ("DRAMs") with a high voltage boosted word line supply charge pump regulator that embody the invention patented within the '581 patent, and on information and belief, by actively inducing and/or contributing to infringement of said patent by others (including but not limited to the other Counterdefendants). Counterdefendants will continue to infringe the '581 patent unless enjoined by this Court.

146. Upon information and belief, the Counterdefendants have received notice of infringement of the '581 patent, but have nonetheless continued their infringing activities.

147. Representatives of MOSAID and Infineon met to discuss whether Infineon's continued activities required a license for the '581 patent. No such license agreement was entered into. Infineon offered to pay for a license including the '581 patent. Infineon did not offer any substantive basis for not requiring a license to the '581 patent.

148. Upon information and belief, Counterdefendant Infineon North America's infringement of the '581 patent is willful.

149. Upon information and belief, Counterdefendant Infineon AG's infringement of the '581 patent is willful.

150. Upon information and belief, Counterdefendant Infineon Holding's infringement of the '581 patent is willful.

151. Upon information and belief, Counterdefendant Infineon Richmond's infringement of the '581 patent is willful.

152. This is an exceptional case within the meaning of 35 U.S.C. § 285.

153. Under 35 U.S.C. § 284, MOSAID is entitled to actual damages adequate to compensate it for Counterdefendants' infringement of the above-identified U.S. patents, including but not limited to a reasonable royalty for the use of MOSAID's inventions.

**RELIEF**

MOSAID respectfully requests the following relief:

A. That the Court enter preliminary and permanent injunctions barring Counterdefendants from acts of direct, active inducement of and contributory infringement of the above-identified MOSAID patents;

B. That the Court award damages to MOSAID, subject to proof at trial;

C. That the Court treble the actual damages awarded in view of Counterdefendants' willful infringement of MOSAID's patents;

D. That the Court award interest on such damages;

E. That the Court award MOSAID's costs and attorney's fees incurred in this action;

F. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Counterclaimant MOSAID requests a trial by jury on its Counterclaims for Patent Infringement.

Dated: February 7, 2003

Respectfully submitted,

/s/ Tharan Gregory Lanier

Robert C. Kahrl
James L. Wamsley, III
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Tharan Gregory Lanier, State Bar No. 138784
JONES DAY
2882 Sand Hill Road
Suite 240
Menlo Park, California 94025
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

Attorneys for Defendant and Counterclaimant MOSAID Technologies Incorporated

## CERTIFICATE OF SERVICE

I, Tharan Gregory Lanier, hereby certify that I have caused to be served a copy of the foregoing **DEFENDANT MOSAID TECHNOLOGIES INCORPORATED'S ANSWER AND COUNTERCLAIMS** via Facsimile and Federal Express upon the following individuals on this 7 day of February, 2003:

>Gregory S. Arovas
>KIRKLAND & ELLIS
>Citygroup Center
>153 East 53rd Street
>New York, New York  10022-4675
>Telephone:  (212) 446-4800
>Facsimile:  (212) 446-4900
>
>David Shukan
>KIRKLAND & ELLIS
>777 South Figueroa Street
>Los Angeles, California  90017
>Telephone:  (213) 680-8400
>Facsimile:  (213) 680-8500
>
>Eric R. Lamison
>KIRKLAND & ELLIS
>333 Bush Street
>San Francisco, California  94104
>Telephone:  (415) 439-1400
>Facsimile:  (415) 439-1500

I also certify that this same day I caused to be served a copy of the foregoing **DEFENDANT MOSAID TECHNOLOGIES INCORPORATED'S ANSWER AND COUNTERCLAIMS** by email, upon the following individual:  Eric L. Lamison, KIRKLAND & ELLIS at elamison@kirkland.com.

>/s/  Tharan Gregory Lanier
>Attorney for Defendant and
>Counterclaimant MOSAID
>Technologies Incorporated

MPI-6147v1