1  Henry C. Bunsow (SBN 060707)
   bunsowh@howrey.com
2  K.T. Cherian (SBN 133967)
   cheriank@howrey.com
3  Scott Wales (SBN 179804)
   waless@howrey.com
4  HOWREY LLP
   525 Market Street, Suite 3600
5  San Francisco, California  94105
   Telephone:  (415) 848-4900
6  Facsimile:  (415) 848-4999

7  Attorneys for Defendant
   MOSAID TECHNOLOGIES INCORPORATED
8

9              UNITED STATES DISTRICT COURT
10             NORTHERN DISTRICT OF CALIFORNIA
11                     SAN JOSE DIVISION

| | |
|---|---|
| INFINEON TECHNOLOGIES NORTH AMERICA CORPORATION,<br><br>            Plaintiff,<br><br>      v.<br><br>MOSAID TECHNOLOGIES INCORPORATED,<br><br>            Defendant. | Case No. 5:02-cv-05772 JF<br><br>**MOSAID TECHNOLOGIES INCORPORATED'S OPPOSITION TO MICRON'S MOTION TO INTERVENE OR, IN THE ALTERNATIVE, REQUEST FOR LEAVE TO PARTICIPATE AS** *AMICUS CURIAE***,**<br>**AND**<br>**MOSAID TECHNOLOGIES INCORPORATED'S REPLY TO MICRON'S OPPOSITION TO JOINT MOTION TO VACATE** |

**HOWREY LLP**

Case No.  5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE & REPLY TO JT MTN TO VACATE

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. FACTS ................................................................................................................................. 3

    A. Background ............................................................................................................ 3

    B. MOSAID's Motion to Dismiss the Declaratory Judgment Action ....................... 4

III. ARGUMENT ....................................................................................................................... 5

    A. There Is No Basis For Allowing Micron To Intervene In This Action ................. 5

    B. The Court Should Not Consider Micron's Brief *Amicus Curiae* ......................... 7

    C. The Parties' Joint Motion to Vacate Should Be Granted ....................................... 8

        1. The Decision By A District Court To Vacate Its Orders Involves A Balancing Of Equitable Considerations .......................... 8

        2. The Equities Favor Granting of the Motion to Vacate ............................. 9

IV. CONCLUSION .................................................................................................................. 13

Case No. 5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE & REPLY TO JT MTN TO VACATE

i

HOWREY LLP

# TABLE OF AUTHORITIES

**CASES**

*3M Innovative Properties Co. v. Avery Dennison*,
  350 F.3d 1365 (Fed. Cir. 2003) .................................................................................. 10

*American Games, Inc. v. Trade Products, Inc.*,
  142 F.3d 1164 (9th Cir. 1998) ................................................................................ 8, 9

*County of Orange v. Air California*,
  799 F.2d 535 (9th Cir. 1986) ........................................................................................ 6

*Equal Access For All v. Hughes Resort, Inc.*,
  2006 U.S. Dist. LEXIS 30129 (N.D. Fla. 2006) ........................................................... 8

*Ericsson, Inc. v. Interdigital Communications Corp.*, 418 F.3d 1217, 1221 (Fed.
  Cir. 2005) ....................................................................................................................... 6

*Greene v. United States*,
  996 F.2d 973 (9th Cir. 1993) ........................................................................................ 7

*In re Aloha Airgroup Inc.*,
  2006 U.S. Dist. LEXIS 14713 (D. Haw. 2006) ...................................................... 8, 10

*In re Freeman*,
  30 F.3d 1459 (Fed. Cir. 1994) ...................................................................................... 9

*Jones v. Temmer*,
  57 F.3d 921 (10th Cir. 1995) ...................................................................................... 10

*Mayfield v. Dalton*,
  109 F.3d 1423 (9th Cir. 1997) ...................................................................................... 9

*Motta v. District Dir. of Immigration & Naturalization Services*,
  61 F.3d 117 (1st Cir. 1995) ........................................................................................... 8

*Nikon Corp. v. ASM Lithography, Inc.*,
  222 F.R.D. 647 (N.D. Cal. 2004) .................................................................................. 7

*Northwest Forest Res. Council v. Glickman*,
  82 F.3d 825 (9th Cir. 1996) .......................................................................................... 6

*Novell, Inc. v. Network Trade Center, Inc.*,
  187 F.R.D. 657 (D. Utah 1999) .................................................................................... 8

*Phillips v. AWH Corp. et al.*,
  415 F.3d 1303 (Fed. Cir. 2005) .................................................................. 2, 10, 11, 12

*Purcell v. BankAtlantic Financial Corp.*,
  85 F.3d 1508 (11th Cir. 1996) ...................................................................................... 6

*U.S. Bancorp Mtge. Co. v. Bonner Mall Partnership*,
  513 U.S. 18 (1994) ............................................................................................ 1, 2, 8, 9

HOWREY LLP

Case No. 5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE & REPLY TO JT MTN TO VACATE

ii

1  *United Nat'l Ins. Co. v. Airosol Co., Inc.*,
2     2001 U.S. Dist. LEXIS 24565 (D. Kan. 2001) ........................................................................ 8

**RULES**

Fed. R. Civ. P. 24 ........................................................................................................................... 7

Fed. R. Civ. P. 24(a) .................................................................................................................. 6, 7

Fed. R. Civ. P. 60(b) ....................................................................................................................... 2

HOWREY LLP

Case No.  5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE & REPLY TO JT MTN TO VACATE

iii

## I. INTRODUCTION

Defendant MOSAID Technologies Incorporated ("MOSAID") submits this Memorandum of Points and Authorities in response to third party Micron's Motion to Intervene and its Opposition to the Parties' Joint Motion to Vacate certain orders of this Court.

Micron's counsel first appeared in this action during the July 24, 2006 status conference regarding the parties' Motion to Vacate. Micron claimed that it "had a significant and imminent fear" that it would be sued by MOSAID, so that morning, it filed a declaratory judgment action against MOSAID on fourteen MOSAID patents in the Northern District of California. In reality, there is no basis for subject matter jurisdiction over Micron's declaratory judgment action against MOSAID (which MOSAID moved to dismiss on July 26, 2006). Indeed, although conveniently ignored by Micron, there had been no material contacts between MOSAID and Micron for *four years*. As further explained in MOSAID's Motion to Dismiss Micron's declaratory judgment action for lack of subject matter jurisdiction, Micron could not have had a reasonable apprehension of imminent suit on the fourteen MOSAID patents on July 24, 2006 that would warrant its declaratory judgment action.[1]

The apparent motive behind Micron's filing of a declaratory judgment suit against MOSAID was to allow it to argue at the July 24 status conference that it had a right to intervene, so that the Court would give Micron an opportunity to file its opposition to the Motion to Vacate. But, as detailed below, there is no basis for Micron's claim of a right to intervene in this action. Moreover, Micron will not suffer any harm if it is not allowed to intervene. That Micron may have to expend some resources to "re-litigate" issues against MOSAID does not impair its ability to protect its interests.

Even if intervention were appropriate, Micron's opposition to the parties' Joint Motion to Vacate should be rejected. Relying on the Supreme Court's decision in *U.S. Bancorp Mortgage. Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), Micron simply argues that an existing settlement agreement alone is not a sufficient basis to grant the Motion to Vacate. But Micron is wrong on the

---

[1] In response to Micron's unprovoked suit against MOSAID, MOSAID filed an action on Tuesday, July 25, 2006 in the Eastern District of Texas against Micron. *MOSAID Technologies v. Micron Technology et al.*, 2-06CV-302 DF (E.D. Tex. 2006).

Case No. 5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
-1-
DM_US\8372084.v1

HOWREY LLP

1  law and the facts.  First, by the Supreme Court's own express statements in *U.S. Bancorp* and
2  repeatedly confirmed by the Ninth Circuit, *U.S. Bancorp* applies only to an <u>appellate</u> court's review of
3  a <u>district</u> court's orders.  A district court's decision to vacate because of settlement (or any other
4  reason) is governed by Fed. R. Civ. P. 60(b) which involves a balancing of equities for and against
5  vacating the relevant orders.

6        Second, the facts and the equities heavily favor granting the Motion to Vacate.  Micron cannot
7  assert any real harm to it if the Court grants the motion.  Micron will have an opportunity to advance
8  its proposed claim construction positions including those adopted by the New Jersey court and cite to
9  those New Jersey court's orders and opinions as authority if it chooses to do so.  Micron's only
10 complaint is that it will be a "waste of resources" to litigate claim construction for those patents again.
11 But there is no *per se* judicial estoppel with regard to claim construction.  Claim construction of the
12 patents at issue here will be briefed and argued again.  The only question is whether issues pertaining
13 to judicial estoppel will be concurrently briefed and argued along with the substantive issues,
14 increasing the costs of future litigation.  Thus, judicial economy actually tilts in favor of granting the
15 Motion to Vacate to reduce the issues to be briefed and argued in any future claim construction
16 proceedings.

17       In contrast, the harm to MOSAID will be great if it is collaterally estopped from arguing claim
18 constructions for the patents at issue in this action.  The opinions and orders on claim construction and
19 summary judgment in this action were decided prior to the Federal Circuit's en banc decision in
20 *Phillips v. AWH Corp. et al.*, 415 F.3d 1303 (Fed. Cir. 2005), which rejects the claim construction
21 approach of *Texas Digital Systems, Inc. v. Telegenix, Inc.*, 308 F.3d 1193 (Fed. Cir. 2002).  As detailed
22 below, the claim constructions contained in the opinions and orders at issue here rely heavily on the
23 rejected claim construction approach of *Texas Digital*, and form the basis for the Court's finding of
24 non-infringement on summary judgment.  In view of *Phillips*, the district court's claim constructions
25 are incorrect as a matter of law.  Thus, it would be highly prejudicial and inequitable to allow those
26 opinions and orders to stand.  The parties' Joint Motion to Vacate should therefore be granted.

27
28

**HOWREY LLP**

Case No.  5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE

-2-

DM_US\8372084.v1

## II. FACTS

### A. Background

On June 9, 2006, this Court held a status conference at the request of the parties regarding a contemplated settlement that would include a joint motion to this court to vacate the appealed claim construction and summary judgment opinions and orders upon remand from the Federal Circuit. Birnschein Decl. Exh. 1 (letter of Henry Bunsow to the Court) and Exh. 2 (hearing transcript). The purpose of the conference was to determine whether there was any reason the contemplated settlement terms would not be acceptable to the court. *Id.* During the June 9, 2006 conference, the Court requested "whether there are any collateral proceedings in which the Markman order of the non-infringement judgment are being asserted or used in any way" to which MOSAID's counsel correctly responded "Not at this time. There's nothing pending."[2] Birnschein Decl. Exh. 2. The Court closed by stating, "if that's not going on, I think its entirely within your rights to do this as part of the settlement." *Id.*

The Federal Circuit remanded this action to the district court on July 20, 2006. Birnschein Decl. Exh. 3. The parties filed the Joint Motion to Vacate and requested a further status conference on July 24, 2006 to resolve any remaining issues. Micron's counsel first appeared in this action during the July 24, 2006 status conference claiming that "Micron had a significant and imminent fear that it was the next target on the list, and so today Micron filed a declaratory relief action on the patents at issue in this proceeding, as well as a handful of other patents . . . We have not had a chance yet to file a notice of related case or the motion to intervene, which we would anticipate filing, so that we could be heard on the issue of whether the judgment could be vacated." Birnschein Decl. Exh. 4 (July 24 transcript at 3). The court granted Micron one week to file its brief, and MOSAID and Infineon one additional week to respond. No hearing date was set.

---

[2] In the hearing on July 24, 2006 and in its brief (p. 7), Micron attempts to cast doubt as to the accuracy of MOSAID's counsel's representation by claiming it was only "technically" correct, suggesting that something was brewing between Micron and MOSAID. As discuss below, there is no basis to suggest MOSAID's representation was anything but accurate. There were no suits or *even current negotiations* between Micron and MOSAID. Indeed, the last relevant communications between Micron and MOSAID was a letter sent by MOSAID to Micron *four years ago*.

HOWREY LLP

Case No. 5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
DM_US\8372084.v1

-3-

1   Micron's declaratory judgment action against MOSAID, *Micron Technology, Inc v. MOSAID Technologies Inc.*, CV 06-04496, was filed on the morning of the Monday, July 24, 2006 status conference requesting declaratory judgment of non-infringement of fourteen MOSAID patents. Birnschein Decl. Exh. 5 (Complaint). By agreement of the parties, Micron has filed a Joint Administrative Motion requesting that Micron's new action against MOSAID be related to this *Infineon v. MOSAID* action. Birnschein Decl. Exh. 6. Judge Fogel ordered the cases related and the Micron action against MOSAID be reassigned to his court on August 3, 2006. Birnschein Decl. Exh. 7.

In response to Micron's unprovoked suit against it, MOSAID filed an action (the "Texas Action") on Tuesday, July 25, 2006 in the Eastern District of Texas against Micron, Powerchip Semiconductor Corporation, and ProMOS Technologies. *MOSAID Technologies v. Micron Technology et al.*, 2-06CV-302 DF (E.D. Tex. 2006); Birnschein Decl. Exh. 8 (E.D. Texas Complaint). The Texas Action alleges that Micron infringes nine patents, seven of which are also at issue in Micron's Northern District of California complaint.

**B.    MOSAID's Motion to Dismiss the Declaratory Judgment Action**

On Wednesday, July 26, 2006, MOSAID filed a Motion to Dismiss Micron's action against MOSAID in the Northern District of California for lack of declaratory judgment subject matter jurisdiction (a fact conveniently ignored by Micron). Birnschein Decl. Exh. 9 (MOSAID's Motion and Memorandum in Support of Its Motion to Dismiss). Micron carries the burden of proving that an actual controversy existed at the time that it filed its declaratory judgment lawsuit. In order to do so, it must show that MOSAID, by its statements or actions, objectively created a reasonable apprehension of an *imminent* lawsuit.

Its statements to the Court on July 24, 2006 to the contrary, Micron has not alleged in its Complaint, nor can it show, any objective evidence of an *imminent* lawsuit contemplated by MOSAID against Micron at the time of the filing of Micron's declaratory judgment action. Birnschein Decl. Exh. 9. Indeed, the last relevant communications between the parties (regarding licensing, not a lawsuit) occurred *four years ago. Id.* In the intervening four years, MOSAID has made no public comments regarding any desire to file a lawsuit against Micron. *Id.*

HOWREY LLP

Case No.  5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
DM_US\8372084.v1

-4-

1    Micron cannot point to any evidence that shows an objectively reasonable apprehension of suit
2    for each or any of the fourteen patents in Micron's Complaint as a result of any action by MOSAID
3    directed at Micron. *Id.* Instead Micron attempts to rely on (1) Micron's self-serving and inaccurate
4    characterization of public statements from MOSAID – *none of which mention Micron* (see, e.g.,
5    Birnschein Decl. Exh. 5: Micron Complaint ¶13, 23, 25, 30 and 37); (2) MOSAID's past history of
6    initiating litigation against *two* unrelated companies (Samsung and Hynix) after licensing negotiations
7    "failed" (Birnschein Decl. Exh. 5: Micron Complaint ¶16, 37) – despite the fact that there has been no
8    licensing negotiations between MOSAID and Micron for at least the last four years; (3) the fact that
9    MOSAID reached a settlement agreement with Micron's competitor, Infineon (Birnschein Decl. Exh.
10   5: Micron Complaint at ¶37); and (4) Micron's unsupported statements that Micron expects to be sued
11   next because MOSAID's alleged intent is to first obtain licenses from the "top four" DRAM
12   manufacturers - Micron being the only one of the "top four" who remains unlicensed. Birnschein
13   Decl. Exh. 5: Micron Complaint at ¶14, 31. Yet at least *thirteen* companies have licensed MOSAID's
14   patent portfolio, not just three of "the top four." Birnschein Exh. 9 (Motion to Dismiss). Moreover,
15   MOSAID initiated litigation against only *two* of those *thirteen* licensees.

16   Without a reasonable apprehension of imminent suit, there was no arguable basis during the
17   July 24, 2006 hearing for Micron's attempt to intervene in this action. Indeed, having no real basis to
18   file a declaratory judgment action against MOSAID, Micron's filing of the suit against MOSAID
19   appears to be just a mechanism for it to request this Court, at the status conference, for an opportunity
20   to be heard on the Motion to Vacate.[3]

21   **III.   ARGUMENT**

22       **A.   There Is No Basis For Allowing Micron To Intervene In This Action**

23   Federal Rule of Civil Procedure 24(a) governs "Intervention as of Right." In assessing whether
24   a party has a right to intervene, the Ninth Circuit applies a four part analysis:[4]

---

[3] Otherwise, it would be quite a coincidence for both of these actions to be taken on the same day, four years after the last communication between the parties.

[4] The Federal Circuit has recently affirmed that in assessing whether a party has a right to intervene, the rules of the appropriate regional court apply, as issues related to intervention are not unique to patent law. *See Ericsson, Inc. v.*

(Continued...)

HOWREY LLP

Case No. 5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO   -5-
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
DM_US\8372084.v1

> An order granting intervention as of right is appropriate if (1) the applicant's motion is timely; (2) the applicant has asserted an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that without intervention the disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties.

*County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986).

Micron offers little evidence or argument that it meets the four part test for a right to intervene. Micron Brf. at 9. Micron merely asserts that it has a protectable interest because "Micron and MOSAID are now litigating the same patents at issue in this case." *Id.* Micron fails to identify that alleged protectable interest, stating only that it would "be impaired if *vacatur* is granted, because Micron may be forced to relitigate issues that have already been litigated here." *Id.* (emphasis added).

Setting aside the fact that Micron had no basis for filing its declaratory judgment suit against MOSAID, Micron still has no protectable interest in a transaction or property that is the subject of the instant action, as required by Fed. R. Civ. P. 24(a). In the Ninth Circuit, a significantly protectable interest requires an interest in a transaction or property protectable under law, and a relationship between the legally protected interest and the claims at issue in the lawsuit. *See Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). An "interest" in preventing vacatur of a judgment, in order to maintain the collateral estoppel effect of that judgment for other pending actions, is not a legally protectable interest under Rule 24(a). *See Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1512-13 (11th Cir. 1996).

In *Purcell*, ABC sought to prevent vacatur of a jury verdict in order to preserve the verdict for a collateral estoppel argument in its own action against BankAtlantic Financial. *Id.* The Court held that ABC's interest in the collateral estoppel effect of the jury verdict did not satisfy the protectable interest requirement of Fed. R. Civ. P. 24(a). *Id.* The court found that allowing ABC to intervene for this

---

(...Continued)

*Interdigital Communications Corp.,* 418 F.3d 1217, 1221 (Fed. Cir. 2005). Thus, Ninth Circuit law is controlling in the instant matter.

Case No. 5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
DM_US\8372084.v1

-6-

HOWREY LLP

purpose would "also run counter to the public policy values that are furthered by permitting parties to settle a case without the interference of interlopers." *Id.*

Moreover, the fact that Micron will have to expend some resources to "re-litigate" its own actions against MOSAID does not "impair or impede its ability to protect that interest." (third prong of Fed. R. Civ. P. 24(a)). *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993); *see also Nikon Corp. v. ASM Lithography, Inc.*, 222 F.R.D. 647, 650-51 (N.D. Cal. 2004) ("an economic stake in the outcome of the litigation, even if significant, is not enough to qualify as a protectable interest under Rule 24(a)"). Micron's rights are in no way jeopardized by settlement, resolution by trial, or vacatur of any orders in this action. Indeed, it is difficult to envision any interest, whether protectable or not under Fed. R. Civ. P. 24, that Micron would have in the New Jersey court's summary judgment opinion and order that Infineon did not infringe any of the asserted MOSAID patents.[5] Thus, there is no basis for Micron to intervene under Fed. R. Civ. P. 24.

### B. The Court Should Not Consider Micron's Brief *Amicus Curiae*

Apparently recognizing that there is no valid basis to intervene in this matter, Micron requests the Court to allow it to participate *Amicus Curiae*. Micron Brf. at 9-10. But Micron did not request an opportunity to file its brief as a friend of the court during the July 24, 2006 hearing – recognizing that such a request would likely not be granted. Nor should it be allowed to submit its argument on that basis now. Micron's brief is not a "friend of the court" brief, but a self-serving advocates brief that, as detailed herein, conveniently ignores relevant facts and cites irrelevant caselaw (such as *U.S. Bancorp* discussed below*)* that is clearly not applicable to the facts of this case. Micron's request to be heard *Amicus Curiae* in this matter should be denied.

---

[5] In a footnote, Micron half-heartedly argues that the Court should permit Micron to intervene under Fed. R. Civ. P. 24(b). Micron Brf. at 5. But Micron has not identified the common question of law or fact required by Rule 24(b) between its declaratory judgment action against MOSAID and this Motion to Vacate. It merely says that it "clearly exists." The fact that Micron's declaratory judgment claims "involve the same types of products, DRAMS" is not a common question of law or fact.

HOWREY LLP

Case No. 5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
DM_US\8372084.v1

-7-

### C. The Parties' Joint Motion to Vacate Should Be Granted

The decision by a district court to vacate its orders involves a balancing of equitable considerations under Fed. R. Civ. P. 60(b). *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1167-70 (9th Cir. 1998). At the June 9, 2006 status conference, the Court indicated that it would agree to vacate the orders pursuant to the parties' <u>contemplated</u> settlement agreement. Birnschein Decl. Exh. 2; Birnschein Exh. 1 (Bunsow letter re contemplated settlement agreement). The court's right to do so is unquestionable. Court's routinely grant such motions.[6] *See, e.g., American Games*, 142 F.3d 1164, 1167-70 (9th Cir. 1998); *In re Aloha Airgroup Inc.*, 2006 U.S. Dist. LEXIS 14713, *8 (D. Haw. 2006); *United Nat'l Ins. Co. v. Airosol Co., Inc.*, 2001 U.S. Dist. LEXIS 24565, *8 (D. Kan. 2001); *Motta v. District Dir. of Immigration & Naturalization Services*, 61 F.3d 117, 118 (1st Cir. 1995); *Equal Access For All v. Hughes Resort, Inc.*, 2006 U.S. Dist. LEXIS 30129, *7 (N.D. Fla. 2006); *Novell, Inc. v. Network Trade Center, Inc.*, 187 F.R.D. 657, 661 (D. Utah 1999).

The mantra of Micron's opposition to the Joint Motion to Vacate is that an <u>existing</u> settlement agreement, by itself, is not a sufficient reason for the Court to vacate the claim construction and summary judgment orders. As detailed below, Micron is wrong both on the law and on the facts.

### 1. The Decision By A District Court To Vacate Its Orders Involves A Balancing Of Equitable Considerations

The decision by a <u>district court</u> to vacate its orders involves a balancing of equitable considerations under Fed. R. Civ. P. 60(b). *See* Fed. R. Civ. Pro. 60(b); *American Games*, 142 F.3d at 1167-70. Micron's reliance on the Supreme Court's case in *U.S. Bancorp Mtge. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994) for the proposition that an existing "settlement alone" is insufficient to vacate orders of the district court is misplaced. Micron Brf,. at 11-12. *U.S. Bancorp* involves the issue of whether an <u>appellate</u> court should vacate a lower court's orders pursuant to a

---

[6] Without citing to any authority, Micron suggests that the Court does not have the power to dismiss the rulings because Samsung (a former party in this action) is not privy to the parties' Motion to Vacate. Samsung has no real interest in this matter. Samsung settled out of this suit long ago and all causes of action with respect to Samsung were concurrently dismissed *with prejudice*. Indeed, like Micron, Samsung would not even have a basis to intervene.

HOWREY LLP

Case No. 5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
DM_US\8372084.v1

-8-

settlement agreement. Contrary to what Micron would have the Court believe,[7] in the Ninth Circuit, *U.S. Bancorp* does not apply to a decision by a district court to vacate its own orders. *American Games*, 142 F.3d at 1170 ("Given the fact-intensive nature of the inquiry required, it seems appropriate that a district court should enjoy greater equitable discretion when reviewing its own judgments than do appellate courts operating at a distance"; vacatur sustained); *Mayfield v. Dalton*, 109 F.3d 1423 (9th Cir. 1997) ("we generally remand with instructions to the district court to weigh the equities"). Indeed, *U.S. Bancorp* itself makes clear that its holding does not apply to district courts: "Of course even in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to *Federal Rule of Civil Procedure 60(b)*." *U.S. Bancorp*, 513 U.S. at 29. Thus, the court should balance the equities for and against granting the parties' joint motion to vacate.

## 2. The Equities Favor Granting of the Motion to Vacate

The equities heavily favor granting the parties' motion to vacate over Micron's opposition. Micron's newly filed declaratory judgment action and MOSAID's Complaint in Texas do not change the balance of equities in Micron's favor. There will be no real harm to Micron if the orders are vacated. Micron will of course have an opportunity to advance its proposed claim construction positions to the court, even those adopted by the New Jersey court. Indeed, Micron may still cite to the New Jersey court's orders and opinions as authority if it chooses to do so.

Micron's only complaint is that it will have to "re-litigate" claim construction issues. But it will have to do so anyway. There is no "per se" estoppel from re-litigating claim construction issues. *See, e.g., In re Freeman*, 30 F.3d 1459, 1466-67 (Fed. Cir. 1994). A court must separately consider whether issue preclusion should apply to a particular construction. *Id.* Thus, regardless of whether claim construction is conducted pursuant to the Patent Rules of the Northern District of California or

---

[7] Micron states that "the policy rationales [of *U.S. Bancorp.*] are the same in the Ninth Circuit as anywhere else." Micron Brf. At 11.

HOWREY LLP

Case No. 5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
DM_US\8372084.v1

-9-

the Patent Rules of the Eastern District of Texas, the issue of claim construction preclusion will most certainly be briefed and argued *simultaneously* with the substantive claim construction issues.

In contrast, the harm to MOSAID will be great if it is collaterally estopped from arguing claim constructions for the patents at issue in this action. The opinions and orders sought to be vacated by the parties are based upon the claim construction approach of a Federal Circuit three judge panel in *Texas Digital Systems, Inc. v. Telegenix, Inc.*, 308 F.3d 1193 (Fed. Cir. 2002) that was later rejected by an en banc decision of the Federal Circuit in *Phillips v. AWH Corp. et al.*, 415 F.3d 1303, 1320-23 (Fed. Cir. 2005). If the orders are not vacated and judicial estoppel is found against MOSAID, MOSAID will be saddled with claim construction rulings that are clearly erroneous in view of *Phillips*.[8]

As explained below, on July 12, 2005, the Federal Circuit issued its en banc decision in *Phillips v. AWH Corp. et al.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) setting forth a uniform approach to claim construction. Prior to *Phillips*, three judge panel decisions from the Federal Circuit applied varied approaches to claim construction. A particularly controversial case among the patent bar was *Texas Digital* in which the Federal Circuit panel set forth a mechanism for claim construction that required the court to first determine the ordinary dictionary meaning of a claim construction term. *Texas Digital*, 308 F.3d at 1202. The *Texas Digital* panel held that "[t]he terms used in the claims bear a 'heavy presumption' that they mean what they say and have the ordinary meaning that would be attributed to those words by persons skilled in the relevant art." *Id.* Further, "unless compelled otherwise, a court will give a claim term the full range of its ordinary meaning as understood by persons skilled in the relevant art." *Id.* "Consulting the written description and prosecution history as a threshold step in the claim construction process, before any effort is made to discern the ordinary and customary meanings attributed to the words themselves, invites a violation of our precedent counseling against importing limitations into the claims." *Texas Digital*, 308 F.3d at 1204.

---

[8] A change in controlling law is a factor to be considered in balancing the equities of vacatur. *See Jones v. Temmer*, 57 F.3d 921, 923 (10th Cir. 1995); *In re Aloha Airgroup Inc.*, 2006 U.S. Dist. LEXIS 14713 at *7, n.1.

HOWREY LLP

Case No. 5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
DM_US\8372084.v1

-10-

After *Texas Digital*, two distinct approaches developed in the law of claim construction, one that followed the *Texas Digital* methodology and one that followed an approach of looking to the specification first, and determining the meaning of a term in the context of that specification.[9] In July 2005, *Phillips* brought uniformity to the claim construction law, <u>rejecting</u> the approach of *Texas Digital*:

> "Although the concern expressed by the court in Texas Digital was valid, the methodology it adopted placed too much reliance on extrinsic sources such as dictionaries, treatises, and encyclopedias and too little on intrinsic sources, in particular the specification and prosecution history. While the court noted that the specification must be consulted in every case, it suggested a methodology for claim interpretation in which the specification should be consulted only after a determination is made, whether based on a dictionary, treatise, or other source, as to the ordinary meaning or meanings of the claim term in dispute. Even then, recourse to the specification is limited to determining whether the specification excludes one of the meanings derived from the dictionary, whether the presumption in favor of the dictionary definition of the claim term has been overcome by 'an explicit definition of the term different from its ordinary meaning,' or whether the invent or "has disavowed or disclaimed scope of coverage, by using words or expressions of manifest exclusion or restriction, representing a clear disavowal of claim scope." *308 F.3d at 1204*. In effect, the Texas Digital approach limits the role of the specification in claim construction to serving as a check on the dictionary meaning of a claim term if the specification requires the court to conclude that fewer than all the dictionary definitions apply, or if the specification contains a sufficiently specific alternative definition or disavowal. [citations omitted]. That approach, in our view, improperly restricts the role of the specification in claim construction."

*Phillips* 415 F.3d at 1320.

The claim construction opinion and order of March 23, 2004 (Birnschein Decl. Exhs. 10-11) and the summary judgment opinion and order of April 1, 2005 (Birnschein Decl. Exhs. 12-13) issued <u>prior to</u> *Phillips* (July 12, 2005) and thus did not have the benefit of the Federal Circuit's <u>en banc</u> opinion in that case. Instead, the opinions and orders from the New Jersey court in this action <u>relied heavily upon</u> *Texas Digital*. See Birnschein Decl. Exh. 10 at 12-14 and footnote 12. Specifically, the court's claim construction opinion expressly relied on the <u>rejected</u> canons of *Texas Digital* that "the words bear a 'heavy presumption' that they take on their ordinary meaning, unless the patentee evinced

---

[9] "Although the principles outlined above have been articulated on numerous occasions, some of this court's cases have suggested a somewhat different approach to claim construction, in which the court has given greater emphasis to dictionary definitions of claim terms and has assigned a less prominent role to the specification and the prosecution history. The leading case in this line is *Texas Digital Systems, Inc. v. Telegenix, Inc.,* 308 F.3d 1193 (Fed. Cir. 2002)." *Phillips,* 415 F.3d at 1319 (Fed. Cir. 2005).

HOWREY LLP

Case No. 5:02-cv-05772 JF -11-
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE

DM_US\8372084.v1

an intent to deviate from the meaning" and the presumption will be overcome only "where the patentee, acting as his or her own lexicographer, has clearly set forth a definition different from its ordinary meaning" or "a patentee disclaims or disavows claim scope by using words or expressions of manifest exclusion or restriction," among others. Birnschein Decl. Exh. 10 at 12-14.

The court's reliance on *Texas Digital* directly resulted in Infineon's summary judgment motion of non-infringement being granted. For example, in construing the term "latching level shifter," the court began "by trying to determine the ordinary meaning of the claim language." Birnschein Decl. Exh. 10 (claim construction opinion of March 23, 2004 at 43). The parties previously agreed to a definition of the term "level shifter." The court construed "*latching* level shifter" by simply adding a portion of a dictionary definition for "latch" proposed by Infineon from the "Radio Shack Dictionary"[10] to the parties' construction of the term "level shifter," over MOSAID's objection. *Id.* at 43.[11] In its opinion and order on summary judgment of the so-called "Lines patents" (U.S. Patent Nos. 5,822,253; 5,751,643; and 6,278,640), the court found non-infringement of the three Lines patents based upon its construction of the term "latching level shifter."[12] Birnschein Decl. Exh. 13 (summary judgment order at 2) and Exh. 12 (summary judgment opinion at 10-14). Thus, the district court's opinion of non-infringement of the Lines patents was based directly upon its application of *Texas Digital* claim construction principles that have been rejected by *Phillips*.

In view of *Phillips*, the New Jersey district court's construction of "latching level shifter" must be rejected when applied to future alleged infringers of the Lines patents. The court that is charged with the task of construing claim terms of these patents in future cases will be obliged to apply the principles set forth in *Phillips* regardless of judicial estoppel considerations. Micron cannot prevent a

---

[10] *Radio Shack Dict. Of Electronics* (5th Ed. 1977).

[11] The *Radio Shack Dictionary of Electronics* defined "latch" as a "feedback loop used in a symmetrical digital circuit (such as a flip-flop) to retain a state." Even though this definition contemplated a "symmetrical digital circuit," and the circuit depicted in the patent was not symmetrical, the district court did not dismiss the definition but instead simply dropped the "symmetrical circuit" portion of the definition and adopted the remainder noting that "MOSAID does not dispute that the ordinary meaning of the technical word 'latch' includes the ability to retain at least one state." *Id.* at 43-45.

[12] The court's construction and reasons for construction of "latching level shifter" were further expounded upon in the summary judgment opinion. See Birnschein Exh. 12 at 10-14.

HOWREY LLP

Case No. 5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE

-12-

DM_US\8372084.v1

1 court from fulfilling its claim construction duties under *Markman*. Micron's attempt to prevent
2 MOSAID from arguing for proper constructions consistent with *Phillips* can only undermine the
3 court's ability to consider all relevant claim construction evidence so that it can come to a fully
4 considered decision of the proper construction for terms of the patents in this action. Therefore, the
5 equities heavily favor granting the parties' Joint Motion to Vacate.

**IV.  CONCLUSION**

For the foregoing reasons, the parties' Joint Motion to Vacate should be granted.

Dated: August 7, 2006                                      Respectfully submitted,

HOWREY LLP


By:  _____/s/ Scott Wales_____
         Scott Wales

Attorneys for Defendant
MOSAID TECHNOLOGIES
INCORPORATED

**HOWREY LLP**

Case No. 5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE

-13-

DM_US\8372084.v1