Jonathan M. James
  jjames@perkinscoie.com
Christopher M. Schultz, Admitted *pro hac vice*
  cschultz@perkinscoie.com
David M. LaSpaluto, Cal. State Bar No. 211276
  dlaspaluto@perkinscoie.com
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue
Post Office Box 400
Phoenix, Arizona  85001-0400
Telephone:     (602) 351-8000
Facsimile:     (602) 648-7000

Kenneth B. Wilson, Cal. State Bar. No. 130009
  kwilson@perkinscoie.com
Stefani E. Shanberg, Cal. State Bar No. 206717
  sshanberg@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, California  94111
Telephone:     (415) 344-7000
Facsimile:     (415) 344-7050

Attorneys for Proposed Intervenor
MICRON TECHNOLOGY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| INFINEON TECHNOLOGIES NORTH AMERICA CORPORATION,<br><br>              Plaintiff,<br><br>     v.<br><br>MOSAID TECHNOLOGIES INCORPORATED,<br><br>              Defendant. | Case No. 5:02-cv-05772-JF (RS)<br><br>**PROPOSED INTERVENOR MICRON TECHNOLOGY'S SURREPLY IN OPPOSITION TO JOINT MOTION TO VACATE** |

Proposed intervenor Micron Technology, Inc. ("Micron") respectfully submits the following brief response to MOSAID's Reply to Micron's Opposition to Joint Motion to Vacate

- 1 -
PROPOSED INTERVENOR MICRON TECHNOLOGY'S
SURREPLY IN OPPOSITION TO
JOINT MOTION TO VACATE
Case No. 5:02-cv-05772 JF (RS)

BY062270.057

1   ("Reply").  Micron recognizes that the Court did not authorize the filing of an additional
2   document.  However, for the first time in its Reply papers, MOSAID offers a new argument to
3   support its request to vacate the claim construction and non-infringement orders in this case,
4   which is based on a mischaracterization of the very evidence MOSAID cites, and Micron feels
5   compelled to point out this mischaracterization to the Court.
6       Specifically, MOSAID argues for the first time in its Reply that Judge Martini
7   impermissibly based his claim construction ruling on the Federal Circuit's decision in *Texas*
8   *Digital Systems, Inc. v. Telegenix, Inc.*, 308 F.3d 1193 (Fed. Cir. 2002); that the approach to
9   claim construction taken by the Federal Circuit in *Texas Digital* was later rejected in the Federal
10  Circuit's en banc decision in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005); and that the
11  claim construction ruling and any subsequent rulings based on that construction should therefore
12  be vacated as erroneous.  While the Federal Circuit in *Phillips* unquestionably criticized the
13  *Texas Digital* court's excessive emphasis on dictionary definitions, it is readily apparent from the
14  district court's opinion in this case that it did not improperly place undue emphasis on dictionary
15  definitions; rather, Judge Martini fully analyzed the disputed terms in the context of the
16  specification as required under *Phillips*.  Micron is confident that if the Court reviews the claim
17  construction order and opinion with an eye to the *Phillips* claim construction principles, the
18  Court will agree that the district court's ruling is fully consistent with those principles.
19      Indeed, MOSAID cites only to a single instance in which it claims the district court
20  erroneously applied the *Texas Digital* claim construction framework: its interpretation of the
21  term "latching level shifter."  [Reply at 12].  MOSAID argues that the Court then improperly
22  applied its allegedly erroneous construction of this term to find non-infringement.  [Id.].
23  However, as is evident from the claim construction order, while Judge Martini referred to a
24  dictionary definition in his analysis, he did not rely on dictionary definitions to the exclusion of
25  the specification; to the contrary, Judge Martini expressly analyzed the specification, and
26  particularly Figure 1 of the patent (as well as the testimony of MOSAID's own expert), in
27  reaching its conclusion.  [Birnschein Decl. Exh. 10 at pp. 43-45 (noting that it was adopting
28

- 2 -

PROPOSED INTERVENOR MICRON TECHNOLOGY'S
SURREPLY IN OPPOSITION TO
JOINT MOTION TO VACATE
Case No. 5:02-cv-05772 JF (RS)                                                    BY062270.057

Defendants' proposed construction because it "would give meaning to the disputed terms and would include the preferred embodiment Figure 1")]. This claim construction methodology is fully consistent with the Federal Circuit's approach in *Phillips*. *See Phillips, supra*, 415 F.3d at 1324 (noting that it is not inappropriate for a district court to consult dictionary definitions of a claim term before reviewing the remainder of the patent to determine how the patentee used the term, so long as it is clear that the court gave appropriate consideration to the specification).

Moreover, MOSAID had ample opportunity to ask the district court to reconsider its rulings in light of the *Phillips* opinion, which was handed down more than four months before MOSAID filed its Notice of Appeal, but MOSAID chose not to avail itself of that opportunity. And MOSAID also had the opportunity to seek reversal of these rulings on appeal, but ultimately chose not to pursue that approach to conclusion. Given MOSAID's failure to challenge the rulings through these conventional routes, it would be inappropriate for this Court to effectively conclude in the context of a motion to vacate that Judge Martini erred in his claim construction rulings. Rather, Micron submits that the appropriate time for such issues to be considered is when assessing the collateral estoppel effect to be given to the prior rulings.

In sum, MOSAID still has not articulated an equitable basis for vacating the judgment, claim construction order and/or summary judgment order in this case. Accordingly, this court should refuse to vacate these rulings, and permit Micron to argue their estoppel effect at a later time.

Dated:   August 15, 2006

**PERKINS COIE LLP**

By   /s/
     Kenneth B. Wilson

Attorneys for Proposed Intervenor
MICRON TECHNOLOGY, INC.

- 3 -

PROPOSED INTERVENOR MICRON TECHNOLOGY'S
SURREPLY IN OPPOSITION TO
JOINT MOTION TO VACATE
Case No. 5:02-cv-05772 JF (RS)

BY062270.057