1  Henry C. Bunsow (SBN 060707)
   bunsowh@howrey.com
2  K.T. Cherian (SBN 133967)
   cheriank@howrey.com
3  Scott Wales (SBN 179804)
   waless@howrey.com
4  HOWREY LLP
   525 Market Street, Suite 3600
5  San Francisco, California 94105
   Telephone: (415) 848-4900
6  Facsimile: (415) 848-4999

7  Attorneys for Defendant
   MOSAID TECHNOLOGIES INCORPORATED

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12  INFINEON TECHNOLOGIES NORTH        ) Case No. 5:02-cv-05772 JF
    AMERICA CORPORATION,               )
13                                     ) **MOSAID TECHNOLOGIES**
                                       ) **INCORPORATED'S OPPOSITION**
14            Plaintiff,               ) **TO PROMOS TECHNOLOGIES INC.'S**
                                       ) **MOTION TO INTERVENE OR, IN THE**
15       v.                            ) **ALTERNATIVE, REQUEST FOR LEAVE**
                                       ) **TO PARTICIPATE AS *AMICUS CURIAE*,**
16  MOSAID TECHNOLOGIES INCORPORATED,  ) **AND**
                                       ) **MOSAID TECHNOLOGIES**
17            Defendant.               ) **INCORPORATED'S REPLY TO PROMOS**
                                       ) **TECHNOLOGIES INC.'S OPPOSITION TO**
18                                     ) **JOINT MOTION TO VACATE**
                                       )
19  _____  )

20

21

22

23

24

25

26

27

28

**HOWREY LLP**

## I.    INTRODUCTION

Defendant MOSAID Technologies Incorporated ("MOSAID") submits this Memorandum of Points and Authorities in response to third party ProMOS Technologies, Inc.'s ("ProMOS") Motion to Intervene and its Opposition to the Parties' Joint Motion to Vacate certain orders of this Court.[1]

ProMOS's motion to intervene should be denied.  As detailed below, ProMOS has not shown a "legally protectable interest" relating to the subject matter of this action.  Moreover, ProMOS will not suffer any harm if it is not allowed to intervene.  ProMOS will have a full opportunity to present its claim construction positions in the action brought by MOSAID against ProMOS in the Eastern District of Texas.

The arguments made by ProMOS in opposition to the Motion to Vacate are essentially the same as those made by Micron in its opposition, and should likewise be rejected.[2]  ProMOS has chosen to ignore the substantial basis set forth by MOSAID in response to Micron's opposition and instead simply argues that facilitating a settlement agreement is not a sufficient basis to grant the Motion to Vacate.

A district court's decision to vacate an order is governed by Fed. R. Civ. P. 60(b) which involves a balancing of equities for and against vacating the relevant orders.  The equities heavily favor granting the Motion to Vacate.  ProMOS cannot assert any real harm to it if the Court grants the motion to vacate.  ProMOS will have an opportunity to advance its proposed claim construction positions including those adopted by the New Jersey court and cite to those New Jersey court's orders and opinions as authority if it chooses to do so.  Moreover, there will be no waste of judicial resources.  Claim construction of the patents at issue here will be briefed and argued again.  The only question is whether issues pertaining to judicial estoppel will be concurrently briefed and argued along with the substantive issues, increasing the costs of future litigation.  Thus, judicial economy actually tilts in

---

[1] ProMOS has failed to notice any date for a hearing for its Motion to Intervene.  Nevertheless, MOSAID provides this opposition and reply in support of the Joint Motion to Vacate so that the Court may fully consider ProMOS's motion at the October 20, 2006 hearing set for Micron's Motion to Intervene, and MOSAID and Infineon's Joint Motion to Vacate.

[2] In the interest of brevity, where appropriate herein, MOSAID incorporates its response to Micron's opposition to the motion to vacate, filed August 8, 2006 (hereinafter "MOSAID's Response to Micron").

HOWREY LLP

Case No.  5:02-cv-05772 JF                                     -1-
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
DM_US\8372084.v1

1  favor of granting the Motion to Vacate to reduce the issues to be briefed and argued in any future claim
2  construction proceedings.

3  In contrast, the harm to MOSAID will be great if it is collaterally estopped from arguing claim
4  constructions for the patents at issue in this action. As detailed in MOSAID's reply to Micron's
5  opposition to the motion to vacate, the opinions and orders on claim construction and summary
6  judgment in this action were decided prior to the Federal Circuit's en banc decision in *Phillips v. AWH*
7  *Corp. et al.*, 415 F.3d 1303 (Fed. Cir. 2005), which rejects the claim construction approach of *Texas*
8  *Digital Systems, Inc. v. Telegenix, Inc.*, 308 F.3d 1193 (Fed. Cir. 2002). The claim construction
9  findings contained in the opinions and orders rely heavily on the rejected claim construction approach
10 of *Texas Digital*, and form the basis for the Court's finding of non-infringement on summary
11 judgment. In view of *Phillips*, the district court's claim constructions are incorrect as a matter of law.
12 Thus, it would be highly prejudicial and inequitable to allow these opinions and orders to stand. The
13 parties' Joint Motion to Vacate should therefore be granted.

14 **II.  FACTS**

15 MOSAID hereby incorporates the "Facts" section from MOSAID Technologies Incorporated's
16 Opposition to Micron's Motion To Intervene Or, In The Alternative, Request For Leave To Participate
17 As *Amicus Curiae*, and MOSAID Technologies Incorporated's Reply to Micron's Opposition to Joint
18 Motion to Vacate filed August 8, 2006 ("MOSAID Response to Micron"). See MOSAID's Response
19 to Micron at 3-4.

20 **III.  ARGUMENT**

21 **A.  ProMOS Should Not Be Allowed To Intervene In This Action or Appear *Amicus***
22 ***Curiae***

23 ProMOS has not shown that it meets the elements of the four part test necessary to establish a
24 right to intervene. *See, e.g. County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986); *see*
25 MOSAID's Response to Micron at 5-7. In the Ninth Circuit, a significantly protectable interest
26 requires an interest in a transaction or property protectable under law, and a relationship between the
27 legally protected interest and the claims at issue in the lawsuit. *See Northwest Forest Res. Council v.*
28 *Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). ProMOS concedes that the only actual "interest" is its

HOWREY LLP

Case No. 5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
DM_US\8372084.v1

-2-

1  purported "ability to utilize these rulings for collateral estoppel in its litigation against MOSAID." *Id.*

2  However, an "interest" in preventing vacatur of a judgment, in order to maintain the collateral estoppel

3  effect of that judgment for other pending actions, is <u>not</u> a "legally protectable interest" for purposes of

4  Fed. R. Civ. P. 24(a).  *See Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1512-13 (11th Cir.

5  1996); *see also* MOSAID's Response to Micron at 6-7.

6        Moreover, the fact that ProMOS will have to expend some resources to litigate claim

7  construction in its own action against MOSAID does not "impair or impede its ability to protect that

8  interest." *See* MOSAID's Response to Micron at 7.  ProMOS will have an opportunity to present its

9  positions on claim construction regardless of the outcome of the Motion to Vacate.  Thus, ProMOS has

10 not established that it has a right to intervene.  ProMOS's request for permissive intervention and

11 consideration *Amicus Curiae* should be denied for similar reasons as Micron's request.  ProMOS has

12 not identified a legally protected interest that may be affected by granting the Motion to Vacate.  *See*

13 MOSAID's Response to Micron at 7.

14       **B.**     **The Parties' Joint Motion to Vacate Should Be Granted**

15       The decision by a district court to vacate its orders involves a balancing of equitable

16 considerations under Fed. R. Civ. P. 60(b).  *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d

17 1164, 1167-70 (9th Cir. 1998).  At the June 9, 2006 status conference, the Court indicated that it would

18 agree to vacate the orders pursuant to the parties' <u>contemplated</u> settlement agreement.  Birnschein

19 Decl. Exh. 2 filed in support of MOSAID's Response to Micron; Birnschein Exh. 1.  The Court's right

20 to do so is unquestionable.  Court's routinely grant such motions.  *See*, *e.g.*, *American Games*, 142

21 F.3d 1164, 1167-70 (9th Cir. 1998); *Motta v. District Dir. of Immigration & Naturalization Services*,

22 61 F.3d 117, 118 (1st Cir. 1995); *In re Aloha Airgroup Inc.*, 2006 U.S. Dist. LEXIS 14713, *8 (D.

23 Haw. 2006); *Equal Access For All v. Hughes Resort, Inc.*, 2006 U.S. Dist. LEXIS 30129, *7 (N.D. Fla.

24 2006); *United Nat'l Ins. Co. v. Airosol Co., Inc.*, 2001 U.S. Dist. LEXIS 24565, *8 (D. Kan. 2001);

25 *Novell, Inc. v. Network Trade Center, Inc.*, 187 F.R.D. 657, 661 (D. Utah 1999).

26

27

28

**HOWREY LLP**

Case No.  5:02-cv-05772 JF           -3-
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
DM_US\8372084.v1

**1. The Decision by a District Court to Vacate its Orders Involves a Balancing of Equitable Considerations**

ProMOS's reliance on the Ninth Circuit's holding in *Ringsby Truck Lines v. Western Conference of Teamsters*, 686 F.2d 720 (9th Cir. 1982), and the Supreme Court's decision in *U.S. Bancorp Mtge. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994) for the proposition that a proposed settlement is insufficient to vacate orders of the district court is misplaced. ProMOS Brf. at 10-11. *Ringsby* and *U.S. Bancorp* involve the issue of whether an <u>appellate</u> court should vacate a lower court's orders pursuant to a settlement agreement. *Ringsby* and *U.S. Bancorp* do not apply to a decision by a district court to vacate its own orders. *American Games*, 142 F.3d at 1170 ("Given the fact-intensive nature of the inquiry required, it seems appropriate that a district court should enjoy greater equitable discretion when reviewing its own judgments than do appellate courts operating at a distance"; vacatur sustained); *Mayfield v. Dalton*, 109 F.3d 1423 (9th Cir. 1997) ("we generally remand with instructions to the district court to weigh the equities"). Indeed, *U.S. Bancorp* makes clear that their holdings do not apply to district courts' decisions to vacate. *U.S. Bancorp*, 513 U.S. at 29 ("Of course even in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to *Federal Rule of Civil Procedure 60(b)*.") Thus, the Court should consider the balance of equities for and against granting the parties' joint motion to vacate – the balance of which favors granting the motion to vacate.

**2. The Equities Favor Granting the Joint Motion to Vacate**

The equities heavily favor granting the parties' Joint Motion to Vacate over ProMOS's opposition. See MOSAID Response to Micron at 9-13. There will be no real harm to ProMOS if the orders are vacated. ProMOS will of course have an opportunity to advance its proposed claim construction positions to the court in the Texas action, even those adopted by the New Jersey court. Indeed, ProMOS may still cite to the New Jersey court's orders and opinions as authority if it chooses to do so.

HOWREY LLP

Case No. 5:02-cv-05772 JF
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
DM_US\8372084.v1

-4-

1       ProMOS's only real complaint is that it will have to litigate claim construction issues that have

2  been address by the New Jersey court order.  But it will have to do so anyway.  There is no "per se"

3  estoppel from re-litigating claim construction issues.  *See, e.g., In re Freeman*, 30 F.3d 1459, 1466-67

4  (Fed. Cir. 1994).  A court must separately consider whether issue preclusion should apply to a

5  particular construction.  *Id.*  Thus, regardless of whether claim construction is conducted pursuant to

6  the Patent Rules of the Northern District of California or the Patent Rules of the Eastern District of

7  Texas, the issue of claim construction preclusion will most certainly be briefed and argued

8  *simultaneously* with the substantive claim construction issues.

9       As explained in detail in MOSAID's Response to Micron, the harm to MOSAID will be great if

10  it is collaterally estopped from arguing claim constructions for the patents at issue in this action.

11  MOSAID's Response to Micron at 10-13.  The opinions and orders sought to be vacated by the parties

12  are based upon the claim construction approach of a Federal Circuit three judge panel in *Texas Digital*

13  *Systems, Inc. v. Telegenix, Inc.*, 308 F.3d 1193 (Fed. Cir. 2002) that was later <u>rejected</u> by an <u>en banc</u>

14  decision of the Federal Circuit in *Phillips v. AWH Corp. et al.*, 415 F.3d 1303, 1320-23 (Fed. Cir.

15  2005).  If the orders are not vacated and judicial estoppel is found against MOSAID, MOSAID will be

16  saddled with claim construction rulings that are clearly erroneous in view of *Phillips*.[3]

17       The claim construction opinion and order of March 23, 2004 (Birnschein Decl. Exhs. 10-11)

18  and the summary judgment opinion and order of April 1, 2005 (Birnschein Decl. Exhs. 12-13) issued

19  <u>prior to</u> *Phillips* (July 12, 2005) and thus did not have the benefit of the Federal Circuit's <u>en banc</u>

20  opinion in that case.  Instead, the opinions and orders from the New Jersey court in this action <u>relied</u>

21  <u>heavily upon</u> *Texas Digital*.  See Birnschein Decl. Exh. 10 at 12-14 and footnote 12.  Specifically, the

22  court's claim construction opinion expressly relied on the <u>rejected</u> canons of *Texas Digital* that "the

23  words bear a 'heavy presumption' that they take on their ordinary meaning, unless the patentee evinced

24  an intent to deviate from the meaning" and the presumption will be overcome only "where the

25  patentee, acting as his or her own lexicographer, has clearly set forth a definition different from its

26

27   [3] A change in controlling law is a factor to be considered in balancing the equities of vacatur.  *See Jones v. Temmer*, 57
      F.3d 921, 923 (10th Cir. 1995); *In re Aloha Airgroup Inc.*, 2006 U.S. Dist. LEXIS 14713 at *7, n.1.

28

HOWREY LLP

Case No.  5:02-cv-05772 JF               -5-
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
DM_US\8372084.v1

1   ordinary meaning" or "a patentee disclaims or disavows claim scope by using words or expressions of

2   manifest exclusion or restriction," among others.  Birnschein Decl. Exh. 10 at 12-14.

3        The court's reliance on *Texas Digital* directly resulted in Infineon's summary judgment motion

4   of non-infringement being granted.  For example, in construing the term "latching level shifter," the

5   court began "by trying to determine the ordinary meaning of the claim language."  Birnschein Decl.

6   Exh. 10 (claim construction opinion of March 23, 2004 at 43).  The parties previously agreed to a

7   definition of the term "level shifter."  The court construed "*latching* level shifter" by simply adding a

8   portion of a dictionary definition for "latch" proposed by Infineon from the "Radio Shack Dictionary"[4]

9   to the parties' construction of the term "level shifter," over MOSAID's objection.  *Id.* at 43.[5]  In its

10  opinion and order on summary judgment of the so-called "Lines patents" (U.S. Patent Nos. 5,822,253;

11  5,751,643; and 6,278,640), the court found non-infringement of the three Lines patents based upon its

12  construction of the term "latching level shifter."[6]  Birnschein Decl. Exh. 13 (summary judgment order

13  at 2) and Exh. 12 (summary judgment opinion at 10-14).  Thus, the district court's opinion of non-

14  infringement of the Lines patents was based directly upon its application of *Texas Digital* claim

15  construction principles that have been rejected by *Phillips*.

16       In view of *Phillips*, the New Jersey district court's construction of "latching level shifter" must

17  be rejected when applied to future alleged infringers of the Lines patents.  The court that is charged

18  with the task of construing claim terms of these patents in future cases will be obliged to apply the

19  principles set forth in *Phillips* regardless of judicial estoppel considerations.  ProMOS cannot prevent a

20  court from fulfilling its claim construction duties under *Markman*.  ProMOS's attempt to prevent

21  MOSAID from arguing for proper constructions consistent with *Phillips* can only undermine a court's

22

23

---

24  [4] *Radio Shack Dict. Of Electronics* (5th Ed. 1977).

25  [5] The *Radio Shack Dictionary of Electronics* defined "latch" as a "feedback loop used in a symmetrical digital circuit (such as a flip-flop) to retain a state."  Even though this definition contemplated a "symmetrical digital circuit," and the circuit depicted in the patent was not symmetrical, the district court did not dismiss the definition but instead simply dropped the "symmetrical circuit" portion of the definition and adopted the remainder noting that "MOSAID does not dispute that the ordinary meaning of the technical word 'latch' includes the ability to retain at least one state."  *Id.* at 43-45.

26

27  [6] The court's construction and reasons for construction of "latching level shifter" were further expounded upon in the summary judgment opinion.  See Birnschein Exh. 12 at 10-14.

28

HOWREY LLP

Case No.  5:02-cv-05772 JF                                    -6-
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
DM_US\8372084.v1

1  ability to consider all relevant claim construction evidence so that it can come to a fully considered

2  decision of the proper construction for terms of the patents in this action.  Therefore, the equities

3  heavily favor granting the parties' Joint Motion to Vacate.

4  **IV.      CONCLUSION**

5          For the foregoing reasons, the parties' Joint Motion to Vacate should be granted.

6  Dated:  October 13, 2006                    Respectfully submitted,

7                                               HOWREY LLP

8

9                                    By:  _____/s/ Scott Wales_____

10                                               Scott Wales
                                          Attorneys for Defendant
11                                        MOSAID TECHNOLOGIES
                                          INCORPORATED

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

Case No.  5:02-cv-05772 JF                           -7-
DEFT'S OPP TO MOTION TO INTERVENE OR REQ FOR LV TO
PART. AS AMICUS CURIAE, & REPLY TO JT MTN TO VACATE
DM_US\8372084.v1