**E-Filed 10/23/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INFINEON TECHNOLOGIES NORTH AMERICA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MOSAID TECHNOLOGIES, INC.,<br><br>Defendant. | Case Number C 02-5772 JF (RS)<br><br>ORDER (1) DENYING MOTIONS OF MICRON AND ProMOS TO INTERVENE AND GRANTING ALTERNATIVE MOTIONS TO APPEAR AS *AMICI CURIAE*;<br>(2) DEFERRING CONSIDERATION OF JOINT MOTION TO VACATE; AND (3) SETTING BRIEFING SCHEDULE AND FURTHER ARGUMENT ON THE ISSUE OF COLLATERAL ESTOPPEL<br><br>[re doc. nos. 110, 116, 133] |

Plaintiff Infineon Technologies North America Corporation ("Infineon") and Defendant Mosaid Technologies, Inc. ("Mosaid") jointly move to vacate the judgment and all rulings in this action pursuant to the parties' settlement agreement. Non-parties Micron Technology, Inc. ("Micron") and ProMOS Technologies Inc. ("ProMOS") move to intervene in the action for the purpose of opposing the joint motion to vacate and alternatively move to appear as *amici curiae*. The Court has considered the briefing submitted by the parties and the proposed intervenors, as well as the oral arguments presented at the hearing on October 20, 2006. For the reasons

discussed below, the Court will deny the motions to intervene but will permit Micron and ProMOS to appear as *amici curiae* for the limited purpose of opposing the motion to vacate, and will defer consideration of the motion to vacate pending further briefing and argument on the preclusive effects, if any, of the rulings that are the subject of that motion.

## I. BACKGROUND

Mosaid is in the business of acquiring patents in order to obtain revenue by licensing such patents or litigating alleged infringement of such patents. Mosaid owns several patents in the area of dynamic random access memory ("DRAM"). The four largest manufacturers of DRAM products are Samsung Electronics Company, Ltd. ("Samsung"), Hynix Semiconductor, Inc. ("Hynix"), Infineon and Micron, accounting for more than 75% of worldwide DRAM sales. ProMOS is a smaller DRAM manufacturer.

Mosaid filed a patent infringement suit against Samsung in the District of New Jersey in September 2001. Infineon thereafter filed a declaratory judgment action against Mosaid in this Court in December 2002, seeking declarations that the same DRAM patents asserted against Samsung were invalid, unenforceable and/or not infringed by Infineon. Mosaid counterclaimed against Infineon, alleging infringement of the subject patents. The Judicial Panel on Multidistrict Litigation consolidated the *Samsung* and *Infineon* cases in the District of New Jersey for pretrial proceedings, including claim construction. District Judge Martini issued a claim construction order construing thirty disputed claim terms, along with a sixty-nine page opinion explaining the bases for his rulings. The claim construction order and accompanying opinion are unfavorable to Mosaid in at least some respects.

On January 18, 2005, Mosaid announced that it had settled with Samsung. On the same date, Mosaid filed suit against Hynix in the Eastern District of Texas. Shortly thereafter, Hynix settled and took a license from Mosaid.

The *Infineon* action continued, and on April 1, 2005, Judge Martini granted Infineon's motion for summary judgment of non-infringement as to several of the patents in suit. Five days later, Mosaid filed a second patent infringement action against Infineon in the Eastern District of Texas, alleging infringement of other patents. The MDL panel subsequently transferred the first

1  *Infineon* action back to this Court. In October 2005, this Court approved a stipulation certifying
2  Judge Martini's non-infringement order as a final judgment pursuant to Federal Rule of Civil
3  Procedure 54(b), thus permitting Mosaid to file an immediate appeal of Judge Martini's order,
4  and stayed the remainder of the case.

5       At a June 9, 2006 status conference, Mosaid advised this Court that the *Infineon* case was
6  settling and that the parties would be making a joint request to vacate all of Judge Martini's
7  rulings as part of that settlement. Based upon the parties' representation that there were no
8  collateral proceedings that would be affected by the requested vacatur, this Court asked the
9  parties to submit a proposed order vacating Judge Martini's rulings. At that point, Mosaid's
10 appeal was still pending in the Federal Circuit; the parties presented a joint motion for remand to
11 this Court, which motion was granted on July 20, 2006.

12      On July 24, 2006, Mosaid and Infineon filed a joint motion to vacate Judge Martini's
13 rulings. On the same date, Micron filed a declaratory judgment action against Mosaid in this
14 Court, Case No. C 06-4496 JF (RS), and moved to intervene or in the alternative to appear as
15 *amicus curiae* in the *Infineon* action in order to oppose the motion to vacate. The following day,
16 on July 25, 2006, Mosaid filed a patent infringement suit against Micron in the Eastern District
17 of Texas. Mosaid also named as defendants two relatively small DRAM manufacturers,
18 ProMOS and Powership Semiconductor Corporation ("Powership").

19      On September 8, 2006, ProMOS filed a motion for leave to intervene or in the alternative
20 to appear as *amicus curiae* in the *Infineon* action in order to oppose the parties' joint motion to
21 vacate, and on September 20, 2006, ProMOS filed a declaratory relief action against Mosaid in
22 this Court, Case No. C 06-5788 JF (RS).

23              **II. MOTIONS TO INTERVENE OR APPEAR AS *AMICI CURIAE***

24      Micron and ProMOS argue that Mosaid is trying to buy its way out of Judge Martini's
25 unfavorable claim construction order and rulings in the *Samsung* and *Infineon* cases by settling
26 and moving to vacate. Micron and ProMOS argue that permitting such a tactic would be unfair
27 and prejudicial to Micron and ProMOS, who otherwise would seek to use Judge Martini's rulings
28 against Mosaid under the doctrine of collateral estoppel. Micron and ProMOS seek leave to

intervene in this action or in the alternative to appear as *amici curiae* in order to oppose the motion to vacate. Mosaid opposes the motions for intervention and for leave to appear as *amici curiae*.

Intervention is governed by Federal Rule of Civil Procedure 24. Rule 24(a), governing intervention as of right, provides in relevant part as follows:

> Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). In the Ninth Circuit, there are four requirements for intervention of right under Rule 24(a)(2): (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties in the lawsuit. *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996).

The Court concludes that Micron and ProMOS do not have a sufficiently protectable interest in the property that is the subject of the *Infineon* action, i.e., Mosaid's patents, to meet the requirements for intervention as of right. Micron and ProMOS do not claim any ownership or other interest in the patents in suit, but rather claim an interest in asserting the collateral estoppel effect of prior construction of those patents. A desire to preserve a collateral estoppel argument is insufficient to confer a right to intervene under Rule 24(a)(2). *See Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1512-13 (11th Cir. 1996) (holding that proposed intervenor's interest in collateral estoppel effect of jury verdict did not satisfy the protectable interest requirement of Rule 24(a)(2)).

Rule 24(b), governing permissive intervention, provides in relevant part as follows:

> Upon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether

Case No. C 02-5772 JF (RS)
ORDER (1) DENYING MOTIONS OF MICRON AND PROMOS TO INTERVENE ETC.
(JFLC2)

the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b). In the Ninth Circuit, a court may grant permissive intervention when the applicant shows: (1) independent grounds for jurisdiction, (2) timeliness of the motion and (3) that the applicant's claim or defense, and the main action, have a question of law or fact in common. *Southwest Center for Biological Diversity v. Berg,* 269 F.3d 810, 818 (9th Cir. 2001).

The Court concludes that Micron and ProMOS likewise do not meet the requirements for permissive intervention. As is discussed in the order of this date in the related *Micron* action, the Court concludes that it should not exercise subject matter jurisdiction over Micron's declaratory relief action; accordingly, there is no independent ground for jurisdiction over Micron's claims. While the issue of subject matter jurisdiction has not yet been raised in ProMOS' declaratory relief action, the Court perceives no reason why it would reach a different conclusion with respect to that action.

The Court will permit Micron and ProMOS to appear as *amici curiae*, however. "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La.1990)). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (internal quotation marks and citation omitted). As it has indicated on the record, the Court has concerns about granting the parties' joint motion to vacate because of the potential impact vacatur may have on third parties. The Court concludes that permitting Micron and ProMOS to present argument on the vacatur question will aid the Court in resolving these concerns. Accordingly, Micron and ProMOS will be permitted to participate in this action for the limited purpose of presenting argument as to why the motion to vacate should not be granted.

### III. JOINT MOTION TO VACATE

After considering the oral arguments made at the hearing, the Court is persuaded that vacatur is appropriate if Judge Martini's rulings are not entitled to collateral estoppel effect, and that vacatur is inappropriate if the rulings are so entitled. Accordingly, the Court will defer consideration of the motion to vacate and will set the following schedule for further briefing and argument: the parties and *amici curiae* shall file briefs addressing the collateral estoppel effect of Judge Martini's rulings on or before December 1, 2006, and shall file any reply briefs on or before December 15, 2006. The Court will hear further argument on December 22, 2006.[1]

### IV. ORDER

(1)   the motions of Micron and ProMOS to intervene are DENIED;

(2)   the motions of Micron and ProMOS to appear as *amici curiae* are GRANTED;

(3)   consideration of the motion to vacate is DEFERRED pending further briefing and argument on the collateral estoppel issue, as set forth above.

DATED: 10/23/06

_____
JEREMY FOGEL
United States District Judge

---

[1] The Court notes that, strictly speaking, the determination as to the collateral estoppel effect of Judge Martini's rulings will be made in the course of Mosaid's infringement actions against Micron and ProMOS rather than in the present action. Nonetheless, the question of whether Judge Martini's rulings are likely to effect the Micron and ProMOS actions is directly relevant to the issue of whether the vacatur sought by the parties in the instant case would be fair and just.

1  This Order was served on the following persons:

3  Gregory S. Arovas    garovas@kirkland.com

4  Henry C. Bunsow    bunsowh@howrey.com, lim@howrey.com

5  Korula T. Cherian    cheriank@howrey.com, perezl@howrey.com

6  Sean DeBruine    sdebruine@akingump.com, skapralov@akingump.com; nmarie@akingump.com; btseng@akingump.com; vchan@akingump.com

7  John M. Desmarais    jdesmarais@kirkland.com

8  Todd M. Friedman    tfriedman@kirkland.com, smanly@kirkland.com; dperry-campf@kirkland.com

10  Eric R. Lamison    elamison@kirkland.com, mbayani@kirkland.com; fcarlow@kirkland.com

11  Thomas D. Pease    tpease@kirkland.com,

12  David Shukan    dshukan@kirkland.com, akellman@kirkland.com

13  Terry L. Tang    ttang@kirkland.com

14  Robert Scott Wales    WalesS@howrey.com, PearsonS@howrey.com

15  James T. Bailey
    Paul A. Bondor
16  David B. Perry-Campf
    Kirkland & Ellis
17  Citigroup Center
    153 East 53rd Street
18  New York, NY 10022-4675

19  Kenneth B. Wilson
    Stefani E. Shanberg
20  Perkins Coie LLP
    Four Embarcadero Center
21  Suite 2400
    San Francisco, CA 94111

Case No. C 02-5772 JF (RS)
ORDER (1) DENYING MOTIONS OF MICRON AND PROMOS TO INTERVENE ETC.
(JFLC2)