**E-Filed 2/5/07**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| INFINEON TECHNOLOGIES NORTH AMERICA CORPORATION, | Case Number C 02-5772 JF (RS) |
| Plaintiff, | ORDER DENYING JOINT MOTION TO VACATE |
| v. | [re:  doc. no. 110] |
| MOSAID TECHNOLOGIES, INC., | |
| Defendant. | |

Plaintiff Infineon Technologies North America Corporation ("Infineon") and Defendant Mosaid Technologies, Inc. ("Mosaid") jointly move to vacate the judgment and all rulings in this action pursuant to the parties' settlement agreement.  Non-parties Micron Technology, Inc. ("Micron") and ProMOS Technologies Inc. ("ProMOS"), appearing as *amici curiae*, oppose the motion.  The Court has considered the briefing submitted by the parties and *amici*, as well as the oral arguments presented at the hearing on February 2, 2007.  For the reasons discussed below, the motion will be denied.

**I. BACKGROUND**

Mosaid is in the business of acquiring patents in order to obtain revenue by licensing such patents or litigating alleged infringement of such patents.  Mosaid owns several patents in the

1  area of dynamic random access memory ("DRAM").  The four largest manufacturers of DRAM

2  products are Samsung Electronics Company, Ltd. ("Samsung"), Hynix Semiconductor, Inc.

3  ("Hynix"), Infineon and Micron, accounting for more than 75% of worldwide DRAM sales.

4  ProMOS is a smaller DRAM manufacturer.

5         Mosaid filed a patent infringement suit against Samsung in the District of New Jersey in

6  September 2001.  Infineon thereafter filed a declaratory judgment action against Mosaid in this

7  Court in December 2002, seeking declarations that the same DRAM patents asserted against

8  Samsung were invalid, unenforceable and/or not infringed by Infineon.  Mosaid counterclaimed

9  against Infineon, alleging infringement of the subject patents.  The Judicial Panel on Multidistrict

10  Litigation consolidated the *Samsung* and *Infineon* cases in the District of New Jersey for pretrial

11  proceedings, including claim construction.  District Judge Martini issued a claim construction

12  order construing thirty disputed claim terms, along with a sixty-nine page opinion explaining the

13  bases for his rulings.  The claim construction opinion is unfavorable to Mosaid in at least some

14  respects.

15         On January 18, 2005, Mosaid announced that it had settled with Samsung.  On the same

16  date, Mosaid filed suit against Hynix in the Eastern District of Texas.  Shortly thereafter, Hynix

17  settled and took a license from Mosaid.

18         The *Infineon* action continued, and on April 1, 2005, Judge Martini granted Infineon's

19  motion for summary judgment of non-infringement as to several of the patents in suit in a

20  published, fifty-nine page opinion.  Five days later, Mosaid filed a second patent infringement

21  action against Infineon in the Eastern District of Texas, alleging infringement of other patents.

22  The MDL panel subsequently transferred the first *Infineon* action back to this Court.  In October

23  2005, this Court approved a stipulation certifying Judge Martini's non-infringement order as a

24  final judgment pursuant to Federal Rule of Civil Procedure 54(b), thus permitting Mosaid to file

25  an immediate appeal of Judge Martini's order, and stayed the remainder of the case.

26         At a June 9, 2006 status conference, Mosaid advised this Court that the *Infineon* case was

27  settling and that the parties would be making a joint request to vacate all of Judge Martini's

28  rulings as part of that settlement.  Based upon the parties' representation that there were no

2

1  collateral proceedings that would be affected by the requested vacatur, this Court asked the

2  parties to submit a proposed order vacating Judge Martini's rulings.  At that point, Mosaid's

3  appeal was still pending in the Federal Circuit; the parties jointly sought and obtained remand to

4  this Court.

5        On July 24, 2006, Mosaid and Infineon filed a joint motion to vacate Judge Martini's

6  rulings.  On the same date, Micron filed a declaratory judgment action against Mosaid in this

7  Court, Case No. C 06-4496 JF (RS), and moved to intervene or in the alternative to appear as

8  *amicus curiae* in the *Infineon* action in order to oppose the motion to vacate.  The following day,

9  on July 25, 2006, Mosaid filed a patent infringement suit against Micron in the Eastern District

10  of Texas.  Mosaid also named as defendants two relatively small DRAM manufacturers,

11  ProMOS and Powership Semiconductor Corporation ("Powership").

12        On September 8, 2006, ProMOS filed a motion for leave to intervene or in the alternative

13  to appear as *amicus curiae* in the *Infineon* action in order to oppose the parties' joint motion to

14  vacate, and on September 20, 2006, ProMOS filed a declaratory relief action against Mosaid in

15  this Court, Case No. C 06-5788 JF (RS).

16        This Court subsequently dismissed Micron's declaratory relief action for lack of subject

17  matter jurisdiction.  ProMOS voluntarily dismissed its declaratory relief action without prejudice.

18  On October 23, 2006, the Court denied the motions of Micron and ProMOS to intervene in this

19  action, but granted them leave to appear as *amici curiae*.  The Court also requested supplemental

20  briefing on the joint motion to vacate after concluding that the potential collateral estoppel effect

21  of Judge Martini's rulings must be considered in determining the equities of vacatur.

22        **II. DISCUSSION**

23        The parties have done an excellent job of briefing the potential preclusive effect of Judge

24  Martini's rulings.  As the Court stated at the hearing, the Court need not – and indeed will not –

25  made a determination as to the preclusive effect of Judge Martini's rulings in the context of

26  deciding the motion to vacate.  However, the potential effect of Judge Martini's rulings with

27  respect to future litigation is a factor that must be weighed in considering the equities of vacating

28  the judgment in this case.

Case No. C 02-5772 JF (RS)
ORDER DENYING JOINT MOTION TO VACATE
(JFLC2)

1    Mosaid contends that the Federal Circuit's decision decision in *Phillips v. AWH Corp.*,

2    415 F.3d 1303 (Fed. Cir. 2005) (en banc) constitutes an intervening change in law occuring *after*

3    Judge Martini's claim construction ruling.  *Phillips* held that a prior line of cases addressing

4    claim construction, *Texas Digital Systems, Inc. v. Telegenix, Inc.,* 308 F.3d 1193 (Fed. Cir. 2002)

5    and its progeny, placed too much reliance on extrinsic sources such as dictionaries, treatises and

6    encyclopedias and too little reliance on intrinsic sources such as the specification and prosecution

7    history.  Mosaid points out that Judge Martini's claim construction ruling cites *Texas Digital*

8    eight times and that the claim construction clearly was performed using an approach that no

9    longer is good law.  Under these circumstances, Mosaid argues that Judge Martini's claim

10    construction should not be given any preclusive effect whatsoever.

11    Micron and ProMOS argue that *Phillips* does not constitute an intervening change in law,

12    because although *Phillips* was decided after Judge Martini's claim construction and summary

13    judgment rulings, it was decided before Mosaid filed its motion for entry of judgment pursuant to

14    Rule 54(b), before entry of judgment, and before the appellate process was completed.  Micron

15    and ProMOS cite *Hartley v. Mentor Corp.*, 869 F.2d 1469 (Fed. Cir. 1989), for the proposition

16    that a party cannot relitigate a prior ruling due to an intervening change in law if the party had an

17    opportunity to correct the error occasioned by the change in law in the original proceedings.

18    Micron and ProMOS argue that Mosaid could have sought reconsideration based on *Phillips*

19    before seeking entry of judgment and could have litigated *Phillips* in the Federal Circuit had

20    Mosaid not abandoned its appeal.

21    Micron and ProMOS also suggest that *Phillips* was a subtle evolution of claim

22    construction law rather than the drastic change asserted by Mosaid and that, in any event, the

23    *Texas Digital/Phillips* question has no relevance to a number of terms that Judge Martini

24    construed.  Micron and ProMOS also argue that even if the claim construction order should not

25    be given preclusive effect, Judge Martini made factual determinations in his summary judgment

26    ruling that have nothing to do with claim construction and should be entitled to preclusive effect.

27    For example, Judge Martini concluded that Mosaid did not mark its products during a particular

28    time frame.

4

1    Finally, ProMOS points out that some defendants in the pending Texas action are not

2  represented here, and that it would be unfair to vacate Judge Martini's rulings to the prejudice of

3  parties not represented in the instant proceedings.

4    After reviewing the parties' arguments and the record in this case, this Court concludes

5  that some or all of Judge Martini's rulings *may* be entitled to preclusive effect.  Under these

6  circumstances, the equities weigh against vacatur.  *See National Union Fire Ins. Co. v. Seafirst*

7  *Corp.*, 891 F.2d 762, 769 (9th Cir. 1989) (holding that "[t]o the extent there may be preclusive

8  effect, [a party] should not be able to avoid those effects through settlement and dismissal of the

9  appeal").  After considering all of the circumstances, the Court concludes that the issue of

10  collateral estoppel most properly should be raised and determined in the pending Texas action.

11  Accordingly, the Court will deny the joint motion to vacate.  Nothing in this order is intended to

12  suggest or express the Court's opinion as to how the issue of collateral estoppel ultimately should

13  be determined in the Texas action

14                                         **ORDER**

15    The joint motion to vacate is DENIED.

16

17

18

19

20

21

22  DATED:  2/5/07

23

24                                    _____
                                      JEREMY FOGEL
25                                    United States District Judge

26

27

28

                                           5

1

2

3    This Order was served on the following persons:

4

5    Gregory S. Arovas      garovas@kirkland.com

6    Henry C. Bunsow      bunsowh@howrey.com, lim@howrey.com

7    Korula T. Cherian      cheriank@howrey.com, perezl@howrey.com

8    Sean DeBruine      sdebruine@akingump.com, skapralov@akingump.com;
     nmarie@akingump.com; btseng@akingump.com; vchan@akingump.com

9
     John M. Desmarais      jdesmarais@kirkland.com
10
     Robert E. Freitas      rfreitas@orrick.com, marlantico@orrick.com
11
     Todd M. Friedman      tfriedman@kirkland.com, smanly@kirkland.com;
12   dperry-campf@kirkland.com

13   Eric R. Lamison      elamison@kirkland.com, mbayani@kirkland.com; fcarlow@kirkland.com

14   Kfir B. Levy      levyk@howrey.com, whitakerp@howrey.com

15   Thomas D. Pease      tpease@kirkland.com,

16   David Shukan      dshukan@kirkland.com, akellman@kirkland.com

17   Michael C. Spillner      mspillner@orrick.com, mortiz@orrick.com

18   Terry L. Tang      ttang@kirkland.com

19   Robert Scott Wales      WalesS@howrey.com, PearsonS@howrey.com

20   5:02-cv-5772 Notice will be delivered by other means to:

21   James T. Bailey
     Paul A. Bondor
22   David B. Perry-Campf
     Kirkland & Ellis
23   Citigroup Center
     153 East 53rd Street
24   New York, NY 10022-4675

25

26

27

28

6

Case No. C 02-5772 JF (RS)
ORDER DENYING JOINT MOTION TO VACATE
(JFLC2)