ROBERT E. FREITAS (State Bar No. 80948)
MICHAEL C. SPILLNER (State Bar No. 205785)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:  650-614-7400
Facsimile:  650-614-7401
E-mail:  rfreitas@orrick.com, mspillner@orrick.com

JONATHAN M. JAMES
CHRISTOPHER N. SCHULZ
DAVID M. LASPALUTO (State Bar No. 211276)
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue
Post Office Box 400
Phoenix, AZ 85001-0400
Telephone:  602-351-8000
Facsimile:  602-648-7000
E-mail:  jjames@perkinscoie.com,
         cschultz@perkinscoie.com,
         dlaspaluto@perkinscoie.com

Attorneys for *Amicus Curiae*
Micron Technology, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INFINEON TECHNOLOGIES NORTH AMERICA CORP., <br><br>           Plaintiff, <br><br>       v. <br><br> MOSAID TECHNOLOGIES, INC., <br><br>           Defendant. | Case No. 5:02-CV-05772 JF (RS) <br><br> **MICRON'S RESPONSE TO THE STIPULATED MOTION FOR DISMISSAL WITH PREJUDICE, AND OBJECTION TO PROPOSED ORDER** <br><br> The Honorable Jeremy Fogel |

1   *Amicus curiae* Micron Technology, Inc. ("Micron") hereby responds to the Stipulated

2   Motion for Dismissal with Prejudice filed by the parties on March 2, 2007, and objects to the

3   accompanying Proposed Order, which purports to dismiss claims that have already been finally

4   adjudicated.  Dismissal of such claims not only is impossible, but would be factually erroneous

5   and inconsistent with a prior judgment and order entered by the Court.  To avoid error and

6   ambiguity, Micron proposes revising the dismissal order in the manner set forth below.

7   **I.     BACKGROUND**

8           The recitation of the procedural history set forth in the Court's February 7, 2007 Order

9   provides the relevant context for Micron's response and objection:

10              [MOSAID Technologies, Inc. ("Mosaid")] is in the business of
            acquiring patents in order to obtain revenue by licensing such
11          patents or litigating alleged infringement of such patents. Mosaid
            owns several patents in the area of dynamic random access memory
12          ("DRAM"). The four largest manufacturers of DRAM products are
            Samsung Electronics Company, Ltd. ("Samsung"), Hynix
13          Semiconductor, Inc. ("Hynix"), [Infineon Technologies North
            America Corporation ("Infineon")] and Micron, accounting for
14          more than 75% of worldwide DRAM sales.  [ProMOS
            Technologies Inc. ("ProMOS")] is a smaller DRAM manufacturer.
15
                Mosaid filed a patent infringement suit against Samsung in the
16          District of New Jersey in September 2001.  Infineon thereafter filed
            a declaratory judgment action against Mosaid in this Court in
17          December 2002, seeking declarations that the same DRAM patents
            asserted against Samsung were invalid, unenforceable and/or not
18          infringed by Infineon. Mosaid counterclaimed against Infineon,
            alleging infringement of the subject patents. The Judicial Panel on
19          Multidistrict Litigation consolidated the *Samsung* and *Infineon*
            cases in the District of New Jersey for pretrial proceedings,
20          including claim construction.  District Judge Martini issued a claim
            construction order construing thirty disputed claim terms, along
21          with a sixty-nine page opinion explaining the bases for his rulings.
            The claim construction opinion is unfavorable to Mosaid in at least
22          some respects.

23              On January 18, 2005, MOSAID announced that it had settled
            with Samsung. On the same date, Mosaid filed suit against Hynix in
24          the Eastern District of Texas. Shortly thereafter, Hynix settled and
            took a license from MOSAID.
25
                The *Infineon* action continued, and on April 1, 2005, Judge
26          Martini granted Infineon's motion for summary judgment of non-
            infringement as to several of the patents in suit in a published, fifty-
27          nine page opinion. Five days later, Mosaid filed a second patent
            infringement action against Infineon in the Eastern District of
28          Texas, alleging infringement of other patents.  The MDL panel

subsequently transferred the first *Infineon* action back to this Court. In October 2005, this Court approved a stipulation certifying Judge Martini's non-infringement order as a final judgment pursuant to Federal Rule of Civil Procedure 54(b), thus permitting Mosaid to file an immediate appeal of Judge Martini's order, and stayed the remainder of the case.

At a June 9, 2006 status conference, Mosaid advised this Court that the *Infineon* case was settling and that the parties would be making a joint request to vacate all of Judge Martini's rulings as part of that settlement. Based upon the parties' representation that there were no collateral proceedings that would be affected by the requested vacatur, this Court asked the parties to submit a proposed order vacating Judge Martini's rulings. At that point, Mosaid's appeal was still pending in the Federal Circuit; the parties jointly sought and obtained remand to this Court.

On July 24, 2006, Mosaid and Infineon filed a joint motion to vacate Judge Martini's rulings. On the same date, Micron filed a declaratory judgment action against Mosaid in this Court, Case No. C 06-4496 JF (RS), and moved to intervene or in the alternative to appear as *amicus curiae* in the *Infineon* action in order to oppose the motion to vacate. The following day, on July 25, 2006, Mosaid filed a patent infringement suit against Micron in the Eastern District of Texas. Mosaid also named as defendants two relatively small DRAM manufacturers, ProMOS and Power[c]hip Semiconductor Corporation ("Power[c]hip").

On September 8, 2006, ProMOS filed a motion for leave to intervene or in the alternative to appear as *amicus curiae* in the *Infineon* action in order to oppose the parties' joint motion to vacate, and on September 20, 2006, ProMOS filed a declaratory relief action against Mosaid in this Court, Case No. C 06-5788 JF (RS).

This Court subsequently dismissed Micron's declaratory relief action for lack of subject matter jurisdiction. ProMOS voluntarily dismissed its declaratory relief action without prejudice.  On October 23, 2006, the Court denied the motions of Micron and ProMOS to intervene in this action, but granted them leave to appear as *amici curiae*. The Court also requested supplemental briefing on the joint motion to vacate after concluding that the potential collateral estoppel effect of Judge Martini's rulings must be considered in determining the equities of vacatur.

Feb. 7, 2007, Order at 2-3.

On February 7, 2007, the Court entered an order denying Infineon's and MOSAID's joint motion to vacate, finding that "some or all of Judge Martini's rulings may be entitled to preclusive effect. Under these circumstances, the equities weigh against vacatur." *Id.* at 5.

On March 2, 2007, MOSAID and Infineon filed a "Stipulated Motion for Dismissal with Prejudice," and an accompanying proposed order that tracks the stipulation.

## II. THE COURT SHOULD NOT ENTER THE PROPOSED ORDER IN ITS CURRENT FORM

The stipulated motion and proposed order submitted by Infineon and MOSAID purport to dismiss "all" claims presented by the complaint, and "all" counterclaims. This form of order is improper because it is inconsistent with the facts.

Final judgment has already been entered as to a number of the claims and counterclaims pursuant to Federal Rule of Civil Procedure 54(b). [1] Those claims cannot be dismissed, because judgment has already previously been entered on them. *See generally E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 785 (9th Cir. 2005) (observing that entry of final judgment effectively dismisses a claim). The order of dismissal can only properly dismiss the balance of the claims and counterclaims, which were not subject to the Rule 54(b) judgment.

By purporting to dismiss "all" claims and counterclaims presented by the pleadings, the proposed order erroneously purports to dismiss counterclaims that were subject to the Rule 54(b) judgment. It is not possible for the Court to dismiss the claims and counterclaims covered by the Rule 54(b) judgment because those claims and counterclaims have already been finally adjudicated; there is nothing to dismiss.

## III. MICRON'S PROPOSED REVISION

The problem discussed above can be avoided if the Court simply adds the word "remaining" before the words "claims" and "counterclaims" in the proposed order of dismissal, so that the proposed order would read:

> **"All <u>remaining</u> claims presented by the complaint and all the <u>remaining</u> counterclaims in this action shall be dismissed with prejudice . . . ."**

---

[1] Specifically, final judgment was entered as to Counterclaim Counts II, III, IV, V, VI, and X. [*See* Docket No. 98.] The Rule 54(b) judgment did not dispose of the balance of the lawsuit. All proceedings as to the remaining claims were stayed pending final disposition of any appeal regarding the claims as to which judgment was entered. [*See* Docket No. 92.]

1  This change would acknowledge the fact that final judgment has already been entered as to some

2  number of the claims and counterclaims in the action.

3  **IV.    CONCLUSION**

4          In its current form, the proposed order of dismissal is factually erroneous because it

5  purports to dismiss claims that have already been finally adjudicated.  To avoid error and

6  ambiguity, the proposed order of dismissal should be corrected as set forth above.[2]

7

8  Dated:  March 5, 2007                         Respectfully submitted,

9                                                ROBERT E. FREITAS
                                                 MICHAEL C. SPILLNER
10                                               ORRICK, HERRINGTON & SUTCLIFFE LLP

11

12                                               /s/  Michael C. Spillner /s/
                                                 ─────────────────────────────
                                                 Michael C. Spillner
13                                               Attorneys for *Amicus Curiae*
                                                 Micron Technology, Inc.

14  OHS West:260188583.1

15

16

17

18

19

20

21

22

23

24  ─────────────────────
    [2]  As a final note, Micron observes that MOSAID may be attempting to use the erroneous form of
25  dismissal to circumvent the Court's order denying MOSAID's motion to vacate Judge Martini's
    prior claim construction and summary judgment rulings.  MOSAID may hope to achieve an
26  "effective" vacatur by voluntarily dismissing claims that were the subject of Judge Martini's
    rulings, and arguing that voluntarily-dismissed claims are not entitled to collateral estoppel effect.
27  As noted above, MOSAID cannot dismiss claims that were the subject of Judge Martini's rulings,
    because final judgment has already been entered on those claims.  However, avoiding such
28  potential ambiguity and mischief provides another reason to revise the dismissal order in the
    manner described in the text.

MICRON'S OBJ. TO PROPOSED DISMISSAL ORDER
5:02-CV-05772 JF (RS)